159 N.J. Super. 71 (1978)
386 A.2d 1362
RACHAEL COGSVILLE, BY HER GUARDIAN AD LITEM, CAROL COGSVILLE AND CAROL COGSVILLE, INDIVIDUALLY, PLAINTIFFS-APPELLANTS,
v.
CITY OF TRENTON, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued April 3, 1978.
Decided April 25, 1978.
*72 Before Judges MICHELS, PRESSLER and BILDER.
Mr. Joseph P. O'Donnell argued the cause for appellants (Messrs. Stockman, Mancino, Marinari, Smithson and O'Donnell, attorneys).
Mr. Gerald A. Hughes argued the cause for respondent (Messrs, Levy, Levy, Albert and Marcus, attorneys).
BILDER, J.S.C. (temporarily assigned).
This is an appeal by a plaintiff from the grant of a summary judgment dismissing the claim.
The infant plaintiff was injured when she was bitten by a dog owned by a month-to-month tenant occupying a single-family dwelling owned by defendant City of Trenton. Plaintiffs allege the dangerous propensities of the dog had been known to the Trenton police and public health departments for at least six months as a result of prior incidents. *73 The trial judge dismissed on the ground that plaintiffs failed to state a cause of action against defendant.
Plaintiffs seek to establish liability on two alternative theories: first, that the city, as landlord, is liable for injury caused by its tenant's dog; and second, that the city is liable for its failure to have the dog removed from the public streets and city-owned property  given its known violent nature.
The trial judge rejected both theories:
[Plaintiff is] attempting to hold the city liable for an act which under the Tort Claims Act they would have immunity for, and I haven't been shown anything in the Tort Claims Act which prevents the city from invoking that immunity in the first place. In the second place, I disagree with [plaintiff's] theory that in this factual situation that a landlord would be responsible for a nuisance created by a dog owned by its tenant.
We agree.
By legislative fiat, the owner of a dog is held strictly liable for damages caused when that dog bites someone. N.J.S.A. 4:19-16. We have found no case nor has any such rule been called to our attention attaching liability to a dog-owner's landlord.
In Wasilewski v. McGuire Art Shop, 117 N.J.L. 264 (Sup. Ct. 1936), the court set out the general rule concerning a landlord's liability with respect to a nuisance:
* * * the landlord's liability to strangers is confined to the injurious consequences of that which in its very essence and nature is a nuisance at the time of the letting, and does not extend to that which is merely capable of being thereafter rendered a nuisance by the tenant. * * * Where, under ordinary circumstances, a nuisance necessarily ensues from the plainly contemplated manner of use of the thing demised, and is not to be avoided by the tenant's exercise of reasonable care, the landlord is liable for the resulting injury; * * *. As was said in Fish v. Dodge, supra [4 Denio N.Y. 311] when the letting is for a lawful purpose which may result in a nuisance only under special circumstances, the landowner "cannot be justly charged with the wrong which was actually committed by others, * * * unless he knew, or had reason to believe, that he was letting the property for a use which must prove injurious to the plaintiff." [at 266-267]
*74 Thus, ordinarily a landlord has no liability for a nuisance on leased premises unless it existed prior to the letting and was continued by the tenant, or unless the nuisance was the direct result of the use agreed to by the landlord. Park Lumber and Supply Co. v. Iommetti, 37 N.J. Super. 13 (App. Div. 1955); Benton v. Kernan, 127 N.J. Eq. 434 (Ch. 1940), mod. 130 N.J. Eq. 193 (E. & A. 1941). The nuisance alleged here was neither inherent in the letting nor created by the landlord. The dog was the tenant's and, as noted, his liability is firmly established by statute.
Nor can plaintiffs obtain solace from the New Jersey Tort Claims Act. Plaintiffs would predicate liability on N.J.S.A. 59:4-2, a provision making a public entity liable for dangerous conditions of its property created by or known to the entity. The term "dangerous condition" as used in that provision is restricted to physical conditions. See Setrin v. Glassboro State College, 136 N.J. Super. 329 (App. Div. 1975).
A similar bar confronts plaintiffs with respect to their contention that the city should be liable for its failure to cause this allegedly known vicious dog to be removed from the streets. Whether the claim is predicated on a failure to adopt or enforce a law, or on administrative action or inaction, it is clearly barred by the act. As to the former by N.J.S.A. 59:2-4, and as to the latter by N.J.S.A. 59:2-3(b). Nor does this fall into the category of a special circumstance with respect to an emergent condition holding a high degree of risk to the public, recognized in Wuethrich v. Delia, 134 N.J. Super. 400 (Law Div. 1975).[1] *75 See discussion in National Spring Co. v. Pierpont Associates, Inc., 146 N.J. Super. 63, 66-68 (Law Div. 1976).
Affirmed.
NOTES
[1] While the special circumstance situation was not expressly dealt with by the court, the decision in Wuethrich v. Delia, 155 N.J. Super. 324 (App. Div. 1978), affirming a subsequent grant of summary judgment to defendant casts some doubt on the viability of the principles enunciated in this earlier decision.