213 N.J. Super. 117 (1986)
516 A.2d 638
SAMANTHA LINEBAUGH, BY AND THROUGH HER GUARDIAN AD LITEM AND NATURAL MOTHER, ANNA LINEBAUGH AND ANNA LINEBAUGH, IN HER OWN RIGHT, PLAINTIFFS-APPELLANTS,
v.
HAYWORTH HYNDMAN, SHERRY THOMPSON, ADAM HONEGSTEIN AND MARYLA HONEGSTEIN, DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Submitted September 30, 1986.
Decided October 20, 1986.
*119 Before Judges PRESSLER, BAIME and ASHBEY.
Basile, Testa & Testa, attorneys for appellants (Richard M. Pescatore, on the brief).
Slimm, Dash & Goldberg, attorneys for respondents (Marc B. Zingarini, on the brief).
The opinion of the court was delivered by BAIME, J.A.D.
Plaintiff Anne Linebaugh, acting as guardian ad litem and individually, instituted this action to recover damages for injuries sustained by her daughter Samantha who was bitten by a dog owned by one of the tenants of defendants, the Honegsteins. The attack occurred in a common backyard area shared by the tenants of defendants' two-family house. Defendants, who reside in another state, were alleged to have been aware of both the presence of the dog on their property and its dangerous propensities. The trial judge granted defendants' motion for summary judgment on the basis that a landlord has no obligation to protect invitees from harm caused by a tenant's domestic animal. We reverse. We hold that a landlord's *120 responsibility to exercise reasonable care in the maintenance of common areas under his control encompasses a duty owed to his tenant's invitees to prevent injury from a vicious animal kept on such premises with his knowledge.
We briefly recite the facts which are undisputed for the purpose of this appeal. Judson v. Peoples Bank & Trust Co. of Westfield, 17 N.J. 67, 75 (1954). Defendants are the owners of a two-family duplex in which Sherry Thompson and Richard Hayworth[1] rented separate units. Both tenants shared a common backyard in which Hayworth kept his dog, a large German Shepherd. Although the meager record is not wholly informative, it would appear that defendants were aware of the presence of the animal on their property and its vicious propensities. Apparently, the dog had bitten another person prior to this incident and defendants had been notified of that fact.
On the date of the attack, plaintiff left her daughter with Thompson, who was babysitting for the day. While playing in the backyard, the infant was attacked and bitten by Hayworth's dog. The record does not disclose whether or not the animal was restrained by a rope or leash. In any event, the child suffered serious injuries.
Suit was commenced against Thompson, Hayworth and the defendants. Both Thompson and Hayworth defaulted and judgments were entered against them. The trial judge granted defendants' motion for summary judgment. He held that a residential landlord owes no duty to protect an invitee from the dangers attributable to a tenant's vicious dog kept in a shared common area.
We disagree. We begin with the premise that a landlord is obliged to exercise reasonable care in the maintenance of common facilities under his control to the end that the premises are reasonably safe and fit for the uses which he has *121 invited others to make of them. Mayer v. Fairlawn Jewish Center, 38 N.J. 549, 555 (1962); Levine v. Bochiaro, 137 N.J.L. 215, 219 (E. & A. 1948); De Los Santos v. Saddlehill, Inc., 211 N.J. Super. 253, 261-262 (App.Div. 1986). Where a dwelling contains two or more apartments which are rented to separate tenants and the landlord provides certain facilities for their common use or benefit, possession and control of such portions are deemed to be retained by him. Coleman v. Steinberg, 54 N.J. 58, 63 (1969). In such situations, "the law imposes upon the landlord the duty of maintaining [such common facilities] in a reasonably safe condition for the use and enjoyment of the tenants." Ibid. Where he fails to satisfy that obligation and such failure results in harm to the tenants or persons lawfully on the premises, "ordinarily the landlord is liable for the [resulting] injury." Ibid. See also Monohan v. Baime, 125 N.J.L. 280, 282 (E. & A. 1940); Ellis v. Caprice, 96 N.J. Super. 539, 547 (App.Div. 1967), certif. den. 50 N.J. 409 (1967); 2 Harper and James, The Law of Torts, § 27.17, p. 1517 (1956); Prosser, Law of Torts, § 63, pp. 406-408 (1964); Restatement, Second, Torts, § 360-361 (1965).
In our view, "[a]n abnormally [vicious] domestic animal is like an artificial [dangerous] condition on the property." DeRobertis v. Randazzo, 94 N.J. 144, 157 (1983). Where a landlord, either by his affirmative consent or by his failure to take curative measures, permits another to harbor such an animal in those areas in which he retains control, he is liable to his tenants and others lawfully on the premises for the injuries that result. Consistent with the landlord's obligation to maintain the premises in a reasonably safe condition, a landlord is obliged to take reasonable measures to protect other tenants and their invitees from harm which a vicious dog is capable of inflicting. Cf. Nakhla v. Singer-Shoprite, Inc., 205 N.J. Super. 184, 187 (App.Div. 1985), certif. den. 102 N.J. 399 (1986). To permit a landlord in such a situation to sit idly by in the face *122 of the known danger to others would be socially and legally unacceptable.[2]
We stress that our holding here lies well within traditional principles of negligence law. "Negligence is tested by whether the reasonably prudent person at the time and place should recognize and foresee an unreasonable risk or likelihood of harm or danger to others." Rappaport v. Nichols, 31 N.J. 188, 201 (1959). The fact that the risk of injury is created by another, here a tenant, cannot serve to insulate the tortfeasor from the consequences flowing from his failure to perform his obligation. "Foreseeability of harm, not the fact of another's intervention, is the crucial factor in determining `whether a duty exists....'" Trentacost v. Brussel, 82 N.J. 214, 223 (1980), quoting Goldberg v. Newark Housing Auth., 38 N.J. 578, 583 (1962). See also Di Cosala v. Kay, 91 N.J. 159, 175 (1982); Schroeder v. Perkel, 87 N.J. 53, 63 (1981).
Defendants' reliance on Cogsville v. Trenton, 159 N.J. Super. 71 (App.Div. 1978) is clearly misplaced. There we stated that a municipal landlord could not generally be held liable for a nuisance created by a dog owned by its tenant. Id. at 73-74. We also concluded that the term "dangerous condition," as used in the Tort Claims Act (N.J.S.A. 59:4-2), referred strictly to physical conditions. Cogsville v. Trenton, supra, 159 N.J. at 74. Suffice it to say, there we had no occasion to, and did not, address the precise issue presented here; i.e. whether a private, residential landlord can be deemed negligent for allowing another to harbor a vicious animal in a common backyard area shared by the tenants.
We are convinced that the trial judge's view of the law was incorrect and that genuine issues of material fact are *123 present. Accordingly, the summary judgment is reversed and the matter is remanded for trial.
NOTES
[1] In the complaint, Hayworth is incorrectly referred to as "Hayworth Hyndman."
[2] We need not determine what precise measures a landlord must take to eradicate the dangers attributable to a tenant's vicious animal. We merely note here that a landlord is not powerless in the face of such danger. See N.J.S.A. 2A:18-61.1b.