726 A.2d 972 (1999)
320 N.J. Super. 68
HYUN NA SEO, Plaintiff-Respondent,
v.
Varoujan YOZGADLIAN and Victoria Yozgadlian, Defendants-Appellants,
and Dong Suk Yoon, Defendant.
Superior Court of New Jersey, Appellate Division.
Argued March 16, 1999.
Decided April 9, 1999.
*973 Patricia L. Veres, Denville, for defendants-appellants (Colquhoun & Colquhoun, attorneys; Ms. Veres, on the brief).
Chae Y. Son, Palisades Park, for plaintiff-respondent (Son & Hong, attorneys; Mr. Son, on the brief).
Before Judges PRESSLER,[1] KLEINER and STEINBERG.
The opinion of the court was delivered by STEINBERG, J.A.D.
Defendants Varoujan and Victoria Yozgadlian (landlords) appeal from a judgment for $3,000 plus costs entered after a bench trial in favor of plaintiff Hyun Na Seo for injuries sustained in a dog bite incident. We reverse.
From the evidence introduced at trial the judge found that plaintiff was a tenant of the landlords in a two-family home in Little Ferry. In addition to the two authorized rental units, the landlords allowed Dong Suk Yoon to live in the basement, rent free in return for his performing maintenance services. When plaintiff leased the apartment it was with the understanding that no pets were permitted. When plaintiff determined that Yoon had a dog she complained to the landlords. The landlords asked Yoon to remove the dog.
On June 17, 1997, Yoon's dog bit plaintiff while she was in the back yard. Plaintiff was injured and filed suit against the landlords and Yoon.[2]
The judge concluded that the landlords had no knowledge that the dog was vicious. Nevertheless, the judge determined that "for the landlord to allow the employee to keep a dog, the landlord takes on the responsibility of insuring that that dog does not do any damage to the other tenants who moved in with the understanding that there were to be no pets in this home."
On appeal defendant raises the following contentions: (1) the trial judge erroneously admitted evidence concerning the alleged illegal occupancy of the basement apartment by Yoon; (2) the trial judge incorrectly awarded damages to plaintiff after concluding that the landlords had no knowledge of the dog's vicious propensities; (3) the motion judge incorrectly denied summary judgment; and (4) the trial judge erroneously declined to apportion liability between the parties.
The owner of a dog that bites a person is strictly liable for damages incurred by the person bitten, regardless of the former viciousness of the dog or the owner's knowledge of such viciousness. N.J.S.A. 4:19-16. Here, however, defendant did not own the dog and the statute does not apply.
Under the common law, ordinarily a landlord is not responsible for injuries caused by its tenant's dog. Cogsville v. Trenton, 159 N.J.Super. 71, 74, 386 A.2d *974 1362 (App.Div.1978). However, a landlord owes a duty to his tenant or his tenant's invitees, to prevent injury from his tenant's dog if he is aware of the presence of the animal on his property and is also aware of its vicious propensities. Linebaugh by and through Linebaugh v. Hyndman, 213 N.J.Super. 117, 120, 516 A.2d 638 (App.Div. 1986), aff'd o.b., 106 N.J. 556, 524 A.2d 1255 (1987). See also Rodriguez v. Cordasco, 279 N.J.Super. 396, 401, 652 A.2d 1250 (App. Div.), certif. denied, 142 N.J. 451, 663 A.2d 1358 (1995) (liability could not be imposed upon a homeowner for injuries caused by stray dogs allowed by the homeowner to remain on his property absent knowledge of the mischievous propensities of the dogs). Here, since the judge specifically found that the landlords were unaware of any vicious propensities of the dog, they are not liable to plaintiff under the common law.
In finding in favor of plaintiff the trial judge concluded that a lease provision prohibiting the keeping of pets made the landlords an insurer for any damages caused by a pet in violation of that provision. We disagree. A defendant is not chargeable for loss that he did not have reason to foresee as a probable result of the breach when a contract is made. Donovan v. Bachstadt, 91 N.J. 434, 444, 453 A.2d 160 (1982). In Coyle v. Englander's, 199 N.J.Super. 212, 488 A.2d 1083 (App.Div.1985), a band manager filed suit against a nightclub and the nightclub manager for injuries suffered as he loaded the band's equipment. He alleged that the nightclub had breached a contractual duty to provide individuals to load the equipment, thus leading to his injuries. We affirmed the grant of summary judgment in favor of defendants concluding that the failure to perform a contractual obligation does not create liability for damages for personal injuries where there is no breach of any common law duty. Id. at 226, 488 A.2d 1083. Likewise, here we decline to impose liability for damages upon a landlord for injuries caused by a tenant's dog to another tenant simply because the tenant kept the dog in violation of a no pet policy. We believe the landlord's responsibility should be determined by ordinary principles of negligence and that in the absence of proof that the landlord was aware of the dog's vicious propensities, or perhaps that the dog was inherently vicious, liability should not be imposed upon the landlord. It is not a probable consequence of the breach of a no pet provision that a dog will bite another person.
Although our research has failed to disclose any cases in New Jersey considering the question of whether a lease provision prohibiting tenants from keeping pets makes a landlord responsible for injury caused by a dog kept in violation of that provision, the weight of authority in other jurisdictions imposes no liability on the landlord in the absence of proof that the landlord was aware of the dog's vicious propensities. See Braun v. York Properties, Inc., 230 Mich.App. 138, 583 N.W.2d 503 (1998) (promulgation of rules and regulations regarding breed and size of tenant's dog did not create a duty to a tenant who was injured when bitten by the dog in the absence of knowledge by defendants of the dog's dangerous proclivities); Malone v. Fons, 217 Wis.2d 746, 580 N.W.2d 697, 701, review denied, 584 N.W.2d 123 (Wis.1998) (a landlord whose tenant's dog bit plaintiff was not liable for her injuries even though he allegedly had a "no pets" rule which he failed to enforce, knew of the dog's existence, and had been notified of an earlier incident where the dog exhibited mischievous behavior; the landlord is not an insurer for the acts of his tenant); Alaskan Village, Inc. v. Smalley, 720 P.2d 945, 948-49 (Alaska 1986) (the owner of a mobile home park which had a lease provision prohibiting tenants from keeping vicious dogs and requiring a tenant to immediately remove annoying pets, had a duty to protect others from injury from the tenant's dog when the owner had actual knowledge of prior incidents involving the dogs); Matthews v. Amberwood, 351 Md. 544, 719 A.2d 119, 131-32 (1998) ("no pets" clause in lease creates duty on the part of the landlord to protect tenant's social guests from injury from the tenant's pit bull dog when the landlord had notice of previous dangerous incidents involving the dog). Plaintiff offered no proof that the dog that bit her was known to have vicious propensities, let alone that the landlord knew of the dog's prior vicious propensities. We find those cases to be persuasive *975 and conclude that the trial judge erroneously elevated the landlords to the status of an insurer for any damages caused by Yoon's dog.
Reversed and remanded for the entry of judgment dismissing plaintiff's complaint.[3]
NOTES
[1] Judge Pressler did not participate in oral argument. However, the parties consented to her participation in the decision.
[2] We are unable to discern from the record or from the landlords' appendix whether Yoon was ever served with a summons and complaint. In any event we do know that he filed no pleadings and did not participate in these proceedings.
[3] Since we have reversed the judgment we need not decide defendant's contention that the trial judge erroneously admitted evidence concerning the alleged illegal occupancy of the basement apartment by Yoon. However, we observe that evidence of other crimes, wrongs or acts are not generally admissible. See N.J.R.E. 404(b). Moreover, even if defendants' character were in issue, specific instances of misconduct not the subject of a conviction of a crime are inadmissible. See N.J.R.E. 405(a).