STATE OF MAINE

KENNEBEC, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-07-126

!¹⋃⁻ ⁴⌐ ⋁⁻⁻ ⁵/¹/²⁰⁰⁸

JENNY HALLGREN,

      Plaintiffs

    v.

DECISION AND ORDER

SUSAN M. WALSH and
TINA LORD,

      Defendants

In front of the court is defendant Susan M. Walsh's (Walsh) M.R. Civ. P. 56 motion for summary judgment.

**Facts:**

Walsh owns property in Gardiner, Maine consisting of a building with two apartments. Walsh occupies the apartment on the first floor. Defendant's Statement of Material Facts (DSMF) ¶¶ 3-4; Plaintiff's Reply Statement of Material Facts (PRSMF) ¶¶ 3-4. On October 30, 2005, Defendant Tina Lord (Lord) lived in the second floor apartment with her two children. (DSMF ¶ 6; PRSMF ¶ 6.) Lord came into possession of a puppy (Oscar) in 2000. (DSMF ¶ 1; PRSMF ¶ 1.) On October 30, 2005, though details of the event are disputed, Oscar bit plaintiff. (DSMF ¶ 2; PRSMF ¶ 2.) Again, details are disputed, but the parties essentially agree that Walsh provided Lord permission to have Oscar on the premises and was unaware that Oscar was a pit-bull. (DSMF ¶ 24-34; PRSMF ¶ 24-34.)

**Standard of Review:**

> [A]lthough summary judgment is no longer an extreme remedy, it is not a substitute for trial. It is, at base, "simply a procedural device for obtaining judicial resolution of those matters that may be decided without

fact-finding." If facts material to the resolution of the matter have been properly placed in dispute, summary judgment based on those facts is not available except in those instances where the facts properly proffered would be flatly insufficient to support a judgment in favor of the nonmoving party as a matter of law. *Arrow Fastener Co., Inc. v. Wrabacon, Inc.*, 2007 ME 34, ¶ 18, 917 A.2d 123, 127 (quoting *Curtis v. Porter*, 2001 ME 158, ¶ 7, 784 A.2d 18, 21-22).

## Discussion:

### I. Common Law Negligence

A possessor of land is subject to liability for physical harm caused to his invitees by a condition on the land if, but only if, he (a) knows or by the exercise of reasonable care would discover the condition and should realize that it involves an unreasonable risk of harm to such invitees, and (b) should expect that they will not discover or realize the danger, or will fail to protect themselves against it, and (c) fails to exercise reasonable care to protect against the danger. *Isaacson v. Husson College*, 297 A.2d 98, 104 (Me. 1972) (quoting Section 343 of the Restatement of Torts (1965)).

Assuming the facts in a light most favorable to the plaintiff, Walsh owned the land where Oscar bit plaintiff and Walsh had earlier seen Oscar attack plaintiff's dog in June of 2005; Oscar had growled, lunged and snarled at plaintiff while on a leash; Oscar had nipped the finger of another person; and had snapped at a veterinarian. (PSAMF ¶¶ 1-2; 13-16; 30-58.) Plaintiff argues that because Walsh knew Oscar had a dangerous propensity, Walsh should have taken corrective action to protect plaintiff from Oscar. *See Murray v. Eastern Maine Medical Center*, 447 A.2d 465, 466.

Further plaintiff argues that defendant owed her a duty to exercise ordinary care to keep the land in reasonably safe condition. Plaintiff claims that this duty was breached based on similar facts as above, in essence that Walsh controlled the land and failed to do something to rectify the risk posed by the presence of Oscar knowing his propensity for dangerousness, particularly where Walsh provided permission for Lord to keep Oscar on the premises but retained the ability to revoke that permission.

In support of her position, plaintiff cites three cases from other jurisdictions. *Matthews v. Amberwood Assocs. Ltd. Partnership*, 719 A.2d 119 (Md. Ct. App. 1998) ("Under the present circumstances...where a landlord retained control over the matter of animals in the tenants apartment, coupled with the knowledge of past vicious behavior by the animal, the extremely dangerous nature of pit bull dogs, and the foreseeability of harm to persons and property in the apartment complex, the jury was justified in finding that the landlord had a duty to the plaintiffs and that the duty was breached."); *Linebaugh v. Hyndman*, 516 A.2d 638 (N.J. Super. Ct., App. Div. 1986) (reversing entry of summary judgment in dog bite case, where there was a question of material fact as to dog's violent propensity, because "[t]he fact the risk of injury was created by another, here, a tenant, cannot serve to insulate the tortfeasor from his failure to perform his obligation."); *Uccello v. Laudenslayer*, 118 Cal. Rptr. 741 (Cal. App. Ct. 1975) (holding that a duty of care for a landlord arises when "the landlord has actual knowledge of the animal, coupled with the right to have it removed from the premises..." and landlord "knew of the vicious propensities" of the dog).

These cases are all distinguishable. In all of the above instances liability is reliant on the landlord's knowledge of a violent propensity *towards humans*. This court cannot find a single case in which a court has applied liability to a landlord on the basis of his/her knowledge of a dog-fight alone. Assuming the facts in a light most favorable to the plaintiff, Walsh was aware of Oscar attacking plaintiff's dog. (PASMF ¶¶ 30-38.) Plaintiff alleges that Oscar once growled, lunged and snarled at her while on a leash, nipped another persons finger, and snapped at a veterinarian.[1] (PASMF ¶¶ 39-43.)

---

[1] Plaintiff also alleges that Oscar "barked a lot." (PASMF ¶ 46.) Though the court is aware that the bark is often worse than the bite, it does not believe the instance of a yappy Chihuahua would constitute a circumstance in which a landlord should reasonably foresee that dog's "violent propensity."

However, distinct from the dog-fight, Walsh is not alleged to have been aware of these other instances involving humans, nor did she have a duty to be aware of them. As a matter of law, assessing all facts in a light most favorable to the plaintiff, summary judgment is appropriate as to plaintiff's common law negligence claims.

II.     Common Law Strict Liability

Strict liability applies only to the possessor of a dog and the possessor "knows or has reason to know" the dog "has dangerous propensities abnormal to its class" and is limited to harm caused by the abnormally dangerous propensity. *Parrish v. Wright*, 2003 ME 90, ¶ 16, n. 3 828 A.2d 778, 782-83, n. 3 (quoting Restatement (Second) of Torts § 509 (1977)). Plaintiff argues that Walsh should be deemed a possessor of Oscar because she granted permission for him to remain on the property and retained discretion to determine whether he could remain on the property.

Neither Maine case law, nor the Restatement, supports determining Walsh to be Oscar's possessor. *See Id.* ¶ 16, 828 A.2d at 782-83 (holding § 509 of the restatement inapplicable); see also Restatement (Second) of Torts § 514 (1977) ("possession of the land on which the animal is kept, even when coupled with permission given to a third person to keep it, is not enough to make the possessor of the land liable as a harborer of the animal. Thus a father, on whose land his son lives in a separate residence, does not harbor a dog kept by his son, although he has the power to prohibit the dog from being kept and fails to exercise the power or even if he presents the dog to his son to be so kept.") As a matter of law, assessing all facts in a light most favorable to the plaintiff, summary judgment is appropriate as to plaintiff's strict liability claims.

III.    7 M.R.S.A. § 3961

7 M.R.S.A. § 3961 provides:

1. **Injuries and damages by animal.** When an animal damages a person or that person's property due to negligence of the animal's owner or keeper, the owner or keeper of that animal is liable in a civil action to the person injured for the amount of damage done if the damage was not occasioned through the fault of the person injured...

Plaintiff does not contend that Walsh was Oscar's "owner," rather that she was his "keeper." "Keeper means a person in possession or control of a dog or other animal. A person becomes the keeper of a stray or domesticated animal, other than a dog or livestock, if the person feeds that animal for at least 10 consecutive days." 7 M.R.S.A. § 3907(16).

Plaintiff's contention is that Oscar lived on Walsh's property and Walsh retained control over whether or not Oscar could remain there. The statute does not deal with control or possession over the property on which the animal lives. It deals with possession or control of the animal itself. When a statute is unambiguous, it is interpreted according to its plain language. *Cobb v. Board of Counseling Professionals Licensure*, 2006 ME 48, ¶ 13, 896 A.2d 271, 275. "Possession" means "[t]he fact of having or holding property in one's power; the exercise of dominion over the property." BLACK'S LAW DICTIONARY 1183 (7th ed. 1999). "Control" means "to exercise power or influence over." *Id.* at 330. It seems obvious to this court that the property that Walsh held in her power and exercised dominion over was her land, while she could exert power or influence over the terms of Lord's tenancy contingent on Oscar's behavior, she had no direct control or possession of Oscar as plainly contemplated by the statute.

IV.    Premises Liability

Finally, plaintiff contends that, because a landlord owes a duty to tenants and their invitees to keep common areas in a reasonably safe condition for the use of the tenants and their invitees, Walsh controlled the common area in which plaintiff was bitten, and Walsh knew or should have known Oscar was dangerous, Walsh is liable as

a landlord.  *See Anderson v. Marston*, 213 A.2d 48, 50 (Me. 1965).  Because this court determines that awareness of a dog-fight alone was insufficient to put Walsh on notice that Oscar was dangerous, she did not breach her duty to keep the common area safe for use by tenants and their invitees.

The entry is

> Defendant Walsh's motion for summary judgment is GRANTED and all counts against her are DISMISSED.

April *16*, 2008

Justice Joseph Jabar

JENNY HALLGREN  - PLAINTIFF
6 RIESMAN TRAIL
HIGGANUM CT 064414360
Attorney for: JENNY HALLGREN
ERIC J WYCOFF  - RETAINED 04/27/2007
PIERCE ATWOOD
ONE MONUMENT SQUARE
PORTLAND ME 04101


vs
SUSAN M WALSH  - DEFENDANT
141 SPRING STREET, 1ST FLOOR
GARDINER ME 04345
Attorney for: SUSAN M WALSH
WILLIAM J KELLEHER  - RETAINED
MARDEN DUBORD ET AL
44 ELM STREET
PO BOX 708
WATERVILLE ME 04901-0708


TINA LORD  - DEFENDANT
141 SPRING STREET, 2ND FLOOR
GARDINER ME 04345
Attorney for: TINA LORD
WILLIAM J KELLEHER  - WITHDRAWN
MARDEN DUBORD ET AL
44 ELM STREET
PO BOX 708
WATERVILLE ME 04901-0708


Attorney for: TINA LORD
JAMES A BILLINGS  - RETAINED
LIPMAN & KATZ & MCKEE, PA
227 WATER STREET
PO BOX 1051
AUGUSTA ME 04332-1051


SUPERIOR COURT
KENNEBEC, ss.
Docket No  AUGSC-CV-2007-00126


DOCKET  RECORD


Filing Document: COMPLAINT                    Minor Case Type: OTHER NEGLIGENCE
Filing Date: 04/27/2007

## Docket Events:

04/27/2007 FILING DOCUMENT - COMPLAINT FILED ON 04/27/2007

04/27/2007 Party(s):  JENNY HALLGREN
           ATTORNEY - RETAINED ENTERED ON 04/27/2007
           Plaintiff's Attorney: ERIC J WYCOFF

04/27/2007 CERTIFY/NOTIFICATION - CASE FILE NOTICE SENT ON 04/27/2007
           Plaintiff's Attorney:  ERIC J WYCOFF
           MAILED TO ATTY. OF RECORD.

05/10/2007 Party(s):  TINA LORD
           RESPONSIVE PLEADING - ANSWER FILED ON 05/09/2007
           S/ TINA LORD, PRO SE

05/11/2007 Party(s):  SUSAN M WALSH
           DISCOVERY FILING - NOTIFICATION DISCOVERY SERVICE FILED ON 05/11/2007
           Defendant's Attorney:  WILLIAM J KELLEHER
           INTERROGATORIES PROPOUNDED TO PLTF BY DEFTS; NOTICE TO PRODUCE TO PLTF BY DEFTS, SERVED ON
           E. WYCOFF, ESQ. ON 05/10/07.

05/11/2007 Party(s):  SUSAN M WALSH
           ATTORNEY - RETAINED ENTERED ON 05/11/2007
           Defendant's Attorney:  WILLIAM J KELLEHER

05/11/2007 Party(s):  TINA LORD
           ATTORNEY - RETAINED ENTERED ON 05/11/2007
           Defendant's Attorney:  WILLIAM J KELLEHER

05/11/2007 Party(s):  SUSAN M WALSH,TINA LORD
           RESPONSIVE PLEADING - ANSWER FILED ON 05/11/2007
           Defendant's Attorney:  WILLIAM J KELLEHER

05/11/2007 Party(s):  SUSAN M WALSH,TINA LORD
           JURY FILING - DEMAND FOR JURY TRIAL FILED ON 05/11/2007
           Defendant's Attorney:  WILLIAM J KELLEHER

05/15/2007 Party(s):  SUSAN M WALSH
           SUMMONS/SERVICE - CIVIL SUMMONS SERVED ON 05/01/2007
           SERVED ON SUSAN M. WALSH

05/15/2007 Party(s):  TINA LORD
           SUMMONS/SERVICE - CIVIL SUMMONS SERVED ON 05/01/2007
           SERVED ON TINA LORD

05/16/2007 Party(s):  SUSAN M WALSH
           RESPONSIVE PLEADING - ANSWER AMENDED ON 05/16/2007
           Defendant's Attorney:  WILLIAM J KELLEHER

05/16/2007 Party(s):  SUSAN M WALSH
           LETTER - FROM PARTY FILED ON 05/16/2007
           Defendant's Attorney:  WILLIAM J KELLEHER
           LETTER INFORMING THE COURT THAT ATTY. DOES NOT REPRESENT TINA LORD.

05/16/2007 Party(s):  TINA LORD
           ATTORNEY - WITHDRAWN ORDERED ON 05/16/2007
           Defendant's Attorney:  WILLIAM J KELLEHER

06/20/2007 Party(s):  JENNY HALLGREN
           DISCOVERY FILING - NOTIFICATION DISCOVERY SERVICE FILED ON 06/13/2007
           Plaintiff's Attorney:  ERIC J WYCOFF
           PLAINTIFF'S OBJECTIONS AND ANSWERS TO DEFENDANT WALSH'S INTERROGATORIES AND PLAINTIFF'S
           OBJECTIONS AND RESPONSES TO DEFENDNT WALSH'S REQUEST FOR PRODUCTION OF DOCUMENTS SERVED ON
           WILLIAM J. KELLHER, ESQ. ON 6/12/07.

06/30/2007 Party(s):  TINA LORD
           DISCOVERY FILING - NOTIFICATION DISCOVERY SERVICE FILED ON 06/28/2007

Defendant's Attorney: WILLIAM J KELLEHER
NOTICE OF DESPOSITION OF JENNY HALLGREN SERVED ON ERIC WYCOFF AND TINA LORD ON 6/25/07.

07/17/2007 Party(s):  TINA LORD
LETTER - FROM PARTY FILED ON 07/16/2007
Defendant's Attorney: JAMES A BILLINGS
LETTER ENTERING APPEARANCE

07/17/2007 Party(s):  TINA LORD
ATTORNEY - RETAINED ENTERED ON 07/16/2007
Defendant's Attorney: JAMES A BILLINGS

07/23/2007 ORDER - SCHEDULING ORDER ENTERED ON 07/23/2007
DONALD H MARDEN , JUSTICE
ORDERED INCORPORATED BY REFERENCE AT THE SPECIFIC DIRECTION OF THE COURT.  COPIES TO
PARTIES/COUNSEL

07/23/2007 DISCOVERY FILING - DISCOVERY DEADLINE ENTERED ON 03/23/2008

07/23/2007 ASSIGNMENT - SINGLE JUDGE/JUSTICE ASSIGNED TO JUSTICE ON 07/23/2007
DONALD H MARDEN , JUSTICE

08/13/2007 Party(s):  SUSAN M WALSH
DISCOVERY FILING - NOTIFICATION DISCOVERY SERVICE FILED ON 08/09/2007
Defendant's Attorney: WILLIAM J KELLEHER
SECOND NOTICE OF DEPOSITION OF JENNY HALLGREN SERVED ON 8/8/07

09/20/2007 Party(s):  JENNY HALLGREN
LETTER - FROM PARTY FILED ON 09/20/2007
Plaintiff's Attorney:  ERIC J WYCOFF
LETTER SELECTED MEDIATION AS THE ADR PROCESS AND AGREDD TO USE KEN PIERCE ESQ AS MEDIATOR.

09/28/2007 Party(s):  JENNY HALLGREN
LETTER - FROM PARTY FILED ON 09/28/2007
Plaintiff's Attorney:  ERIC J WYCOFF
KEN PIERCE WILL NOT LONGER BE ABLE TO ACT AS THE MEDIATOR.PARTIES HAVE     SELECTED
TERRENCE DUDDY AS MEDIATOR

10/12/2007 Party(s):  JENNY HALLGREN
DISCOVERY FILING - NOTIFICATION DISCOVERY SERVICE FILED ON 10/12/2007
Plaintiff's Attorney:  ERIC J WYCOFF
NOTICE TO TAKE ORAL DEPOSITION OF DEFENDAQNT SUSAN WALSH              NOTICE TO TAKE
ORAL DEPOSITION OF DEFENDANT TINA LORD SERVED ON WILLIAM    KELLEHER AND JAMES BILLINGS ON
OCTOBER 11 2007

10/17/2007 Party(s):  JENNY HALLGREN
DISCOVERY FILING - NOTIFICATION DISCOVERY SERVICE FILED ON 10/03/2007
Plaintiff's Attorney:  ERIC J WYCOFF
FIRST SET OF INTERROGATORIES PROPOUNDED TO TINA LORD; FIRST REQUEST FOR PRODUCTION OF
DOCUMENTS TO TINA LORD; FIRST SET OF INTERROGATORIES PROPOUNDED TO SUSAN WALSH AND FIRST
REQUEST FOR PRODUCTION DOCUMENTS TO SUSAN WALSH SERVED ON JAMES BILLINGS, ESQ. AND WILLIAM
KELLEHER,ESQ. ON 10/2/07.

11/02/2007 DISCOVERY FILING - NOTIFICATION DISCOVERY SERVICE FILED ON 11/02/2007
Defendant's Attorney: JAMES A BILLINGS
DEFENDANT LORD'S ANSWERS TO PLAINTIFF'S INTERROGATORIES, DEFENDANT LORD'S RESPONSE TO
PLAINTIFF'S REQUEST FOR PRODUCTION OF DOCUMENTS

11/13/2007 Party(s): SUSAN M WALSH
DISCOVERY FILING - NOTIFICATION DISCOVERY SERVICE FILED ON 11/13/2007
Defendant's Attorney: WILLIAM J KELLEHER
DEFENDANT SUSAN WALSH ANSWERS AND OBJECTION STO PLT FIRST SET OF INTERROGATOIRIES AND
DEFENDANT SUSAN WALSH'S RESPONSED AND OBJECTION TO PLT FIRST    REQUEST FOR PRODUCTION OF
DOCUMENTS SERVIED ON ERIC WYCOFF ON NOVEMBER 9,  2007

11/16/2007 Party(s): JENNY HALLGREN
DISCOVERY FILING - NOTIFICATION DISCOVERY SERVICE FILED ON 11/16/2007
Plaintiff's Attorney:  ERIC J WYCOFF
AMENDED NOTICE TO TAKE ORAL DEPOSITION OF DEFTS SUSAN WALSH AND TINA LORD, SERVED ON W.
KELLEHER, ESQ. AND J. BILLINGS, ESQ. ON 11/15/07.

11/27/2007 Party(s): TINA LORD
DISCOVERY FILING - NOTIFICATION DISCOVERY SERVICE FILED ON 11/21/2007
Defendant's Attorney: JAMES A BILLINGS
DEFENDANT LORD'S SUPPLEMENTAL RESPONSE TO PLAINTIFF'S REQUEST FOR PRODUCTION OF DOCUMENTS
SERVED ON ERIC J. WYCOFF, ESQ. ON 11/20/07.

11/27/2007 ORDER - REPORT OF ADR CONF/ORDER FILED ON 11/27/2007
Defendant's Attorney: WILLIAM J KELLEHER
Plaintiff's Attorney:  ERIC J WYCOFF
JAMES BILLINGS

11/27/2007 ORDER - REPORT OF ADR CONF/ORDER UNRESOLVED ON 11/27/2007

11/28/2007 ORDER - REPORT OF ADR CONF/ORDER ENTERED ON 11/28/2007
DONALD H MARDEN , JUSTICE
"REPORT OF ADR CONFERENCE FILED. CASE IS UNRESOLVED                      COPIES TO
PARTIES/COUNSEL

12/04/2007 Party(s): SUSAN M WALSH
DISCOVERY FILING - NOTIFICATION DISCOVERY SERVICE FILED ON 11/28/2007
Defendant's Attorney: WILLIAM J KELLEHER
DEF'S SECOND REQUEST FOR PRODUCTION OF DOCUMENTS TO PLT SERVED ON ERIC SYCOFF, ESQ., ON
11/27/07.

12/21/2007 Party(s): JENNY HALLGREN
DISCOVERY FILING - NOTIFICATION DISCOVERY SERVICE FILED ON 12/13/2007
Plaintiff's Attorney:  ERIC J WYCOFF
SECOND AMENDED NOTICE TO TAKE ORAL DEPOSITION OF SUSAN WALSH AND TINA LORD SERVED ON ATTY
KELLEHER ON 12/13/07 AND FILED 12/14/07.

01/07/2008 Party(s): JENNY HALLGREN
DISCOVERY FILING - NOTIFICATION DISCOVERY SERVICE FILED ON 01/07/2008
Plaintiff's Attorney:  ERIC J WYCOFF
RESPONSE TO DEF WALSH'S SECOND REQUEST FOR DOCUMENTS SERVED ON ATTY KELLEHER AND COPIES TO
ATTY BILLINGS ON 1/4/08.

01/28/2008 Party(s):  TINA LORD
        DISCOVERY FILING - NOTIFICATION DISCOVERY SERVICE FILED ON 01/28/2008
        Defendant's Attorney: JAMES A BILLINGS
        DEF LORD'S SECOND SUPPLEMENTAL RESPONSE TO PLT'S REQUEST FOR PRODUCTION OF DOCUMENTS AND
        LORD'S SUPPLEMENTAL ANSWERS TO INTERROGATORIES SERVED ON ATTY WYCOFF ON 1/25/08.

02/12/2008 Party(s):  JENNY HALLGREN
        JURY FILING - DEMAND FOR JURY TRIAL FILED ON 02/12/2008
        Plaintiff's Attorney:  ERIC J WYCOFF
        JURY FEE PAID IN THE AMOUNT OF $300.00

02/12/2008 Party(s):  JENNY HALLGREN
        DISCOVERY FILING - NOTIFICATION DISCOVERY SERVICE FILED ON 02/05/2008
        Plaintiff's Attorney:  ERIC J WYCOFF
        NOTICET TO TAKE ORAL DEPOSITION OF KEVIN COLPITT SERVED ON ATTY KELLEHER AND COPIES TO
        ATTY BILLINGS ON 1/4/08.

03/04/2008 HEARING - PRETRIAL/STATUS SCHEDULED FOR 04/10/2008 @ 2:00  in Room No.  1
        NOTICE TO PARTIES/COUNSEL

03/07/2008 Party(s):  SUSAN M WALSH
        OTHER FILING - WITNESS LIST FILED ON 03/07/2008
        Defendant's Attorney: WILLIAM J KELLEHER

03/07/2008 Party(s):  SUSAN M WALSH
        OTHER FILING - EXHIBIT LIST FILED ON 03/07/2008
        Defendant's Attorney: WILLIAM J KELLEHER

03/20/2008 Party(s):  SUSAN M WALSH
        MOTION - MOTION SUMMARY JUDGMENT FILED ON 03/20/2008
        Defendant's Attorney: WILLIAM J KELLEHER
        WITH MEMORANDUM OF LAW, DRAFT ORDER, NOTICE OF HEARING

03/21/2008 Party(s):  SUSAN M WALSH,TINA LORD
        DISCOVERY FILING - DEPOSITION TRANSCRIPT FILED ON 03/21/2008
        OF JENNY HALLGREN

03/21/2008 Party(s):  SUSAN M WALSH,TINA LORD
        DISCOVERY FILING - OBJECT INTERROGATORY/PRODUCE FILED ON 03/21/2008

03/27/2008 HEARING - PRETRIAL/STATUS NOTICE SENT ON 03/26/2008

04/07/2008 Party(s):  JENNY HALLGREN
        MOTION - MOTION TO CONTINUE FILED ON 04/07/2008
        Plaintiff's Attorney:  ERIC J WYCOFF
        NO OBJECTION

04/08/2008 Party(s):  TINA LORD
        OTHER FILING - WITNESS LIST FILED ON 04/08/2008
        Defendant's Attorney: JAMES A BILLINGS

04/08/2008 Party(s):  TINA LORD

OTHER FILING - EXHIBIT LIST FILED ON 04/08/2008
Defendant's Attorney: JAMES A BILLINGS

04/09/2008 OTHER FILING - STATEMENT OF TIME FOR TRIAL FILED ON 04/07/2008
Plaintiff's Attorney:  ERIC J WYCOFF
ESTIMATED TIME FOR TRIAL IS 3 DAYS

04/18/2008 HEARING - PRETRIAL/STATUS HELD ON 04/10/2008
Defendant's Attorney: WILLIAM J KELLEHER
Plaintiff's Attorney:  ERIC J WYCOFF

04/18/2008 Party(s):  SUSAN M WALSH
RESPONSIVE PLEADING - RESPONSE FILED ON 04/18/2008
Defendant's Attorney: WILLIAM J KELLEHER
IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT AND RESPONSE TO PLAINTIFF JENNY HALLGREN'S
STATEMENT OF ADDITIONAL MATERIAL FACTS.

04/18/2008 Party(s):  JENNY HALLGREN
MOTION - MOTION TO CONTINUE DENIED ON 04/17/2008
JOSEPH M JABAR , JUSTICE
COPIES TO PARTIES/COUNSEL                                        JURY SELECTION
ON MAY 9 AT 1:00 PM

04/18/2008 Party(s):  SUSAN M WALSH
MOTION - MOTION SUMMARY JUDGMENT GRANTED ON 04/18/2008
JOSEPH M JABAR , JUSTICE
COPIES TO PARTIES/COUNSEL                                        AND ALL COUNTS
AGAINST HER ARE DISMISSED.

04/25/2008 Party(s):  SUSAN M WALSH,TINA LORD
OTHER FILING - BILL OF COSTS FILED ON 04/25/2008
Defendant's Attorney: WILLIAM J KELLEHER

05/01/2008 ORDER - COURT ORDER ENTERED ON 04/18/2008
JOSEPH M JABAR , JUSTICE
DEFENDANT WALSH'S MOTION FOR SUMMARY JUDGMENT IS GRANTED AND ALL COUNTS AGAINST HER ARE
DISMISSED. COPIES TO ATTYS. OF RECORD.

05/01/2008 ORDER - COURT ORDER COPY TO REPOSITORIES ON 04/18/2008


A TRUE COPY
ATTEST: _____
                      Clerk