**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1435-18T2

FESSHON D. TREADWELL,

     Plaintiff-Appellant,

v.

LATOYA D. HAMMOND
and DANIEL M. RIVERA,

     Defendants,

and

ROBERT R. BAITY and
ROSETTA L. BAITY,

     Defendants-Respondents.

_____

Submitted September 11, 2019 – Decided  October 7, 2019

Before Judges Whipple, Gooden Brown and Mawla.

On appeal from the Superior Court of New Jersey, Law Division, Monmouth County, Docket No. L-1012-17.

Jill Elaine Greene, attorney for appellant (Ryan J. Murphy, on the briefs).

Methfessel & Werbel, attorney for respondents (Lori Brown Sternback and James Victor Mazewski, on the brief).

PER CURIAM

In this personal injury case that arose from a dog bite, plaintiff Fesshon Treadwell appeals from orders dated July 6, 2018, August 10, 2018, August 24, 2018 and November 30, 2018. The first order denied plaintiff's second request to extend the discovery end date (DED), the second order denied reconsideration, the third order granted summary judgment to defendants Robert and Rosetta Baity, and the fourth order rendered the matter final as to all parties. We affirm.

We discern the following facts and procedural history from the record. On July 30, 2015, plaintiff was walking home on Bangs Avenue in Neptune when he was attacked and bitten by a tan pit bull owned by defendants LaToya Hammond and Daniel Rivera. Hammond and Rivera were tenants of Robert and Rosetta Baity, who owned the property. When Hammond and Rivera leased the property from the Baitys, the lease agreement included a provision that precluded them from having a pet on the premises without written consent from the landlord. Hammond and Rivera never requested consent to keep the dog on

the property, and the Baitys denied any knowledge of the dog, despite having inspected the property during their tenancy.

On March 13, 2017, plaintiff filed a complaint for personal injury against Hammond, Rivera, the Baitys, and several fictitious defendants. The complaint asserted defendants owned and/or controlled the premises of 1608 Bangs Avenue, where they allowed and/or caused a dog to attack and bite plaintiff, causing plaintiff injuries. Only the Baitys filed an answer, and the trial court entered a case management order setting May 9, 2018, as the DED and August 2, 2018, as an arbitration date. On May 8, 2018, plaintiff moved to extend discovery for the first time. The court granted that motion and entered an order on May 25, 2018, extending the DED to July 16, 2018. In her statement of reasons, the judge reasoned,

> [o]nce an arbitration date has been set, discovery may only be extended when the moving party shows exceptional circumstances. See R[.] 4:24-1(c) . . . . Here, plaintiff demonstrates that exceptional circumstances exist to extend discovery . . . additional time is needed in order to obtain OPRA[1] documents which may reveal that [d]efendants had knowledge of [c]o-[d]efendants' dog.

---

[1] Open Public Records Act (OPRA)

On June 19, 2018, plaintiff moved both to extend the DED once again, this time to October 1, 2018, as well as to reschedule the arbitration date. Plaintiff also requested oral argument in the event opposition was filed. Although the Baitys did oppose the motion, on July 6, 2018, the trial judge entered an order denying plaintiff's motion without entertaining oral argument or issuing a statement of reasons.

On July 12, 2018, plaintiff moved for reconsideration of the July 6, 2018, order. However, before that motion was heard, discovery expired on July 16, 2018. Three days later, on July 19, 2018, the Baitys moved for summary judgment, then filed opposition to plaintiff's motion for reconsideration the following day, July 20, 2018.

On August 2, 2018, plaintiff and the Baitys, through counsel, engaged in the arbitration proceeding. The arbitrator found no liability for the Baitys and 100 percent liability for Hammond and Rivera, awarding plaintiff $120,000 in gross damages.

On August 3, 2018, plaintiff filed opposition to defendant's motion for summary judgment, which included, notwithstanding the expiration of the discovery period, an affidavit from a previously unidentified witness Jerry Carter. Carter certified that, as an employee of a construction company doing

4

work for the Baitys, he was on the Bangs Avenue property several times, had told Robert Baity about a dog on the property after hearing barking, and later saw the tan pit bull there.

On August 10, 2018, the trial judge entered an order and statement of reasons denying plaintiff's motion for reconsideration. She explained the difference between the May 25, 2018, order and the July 6, 2018, order was that the former only requested a seven day extension to obtain OPRA documents. The latter, on the other hand, requested additional time for documents. Subpoena responses ranged from some that were not due until after July 6, 2018, but were still within the present discovery period; others were due after the motion to extend was filed; and still others were requested as late as May 22, 2018, after the matter had persisted for over one year, and three years after the actual incident. The judge further explained it had become apparent plaintiff was seeking more than a singular piece of discovery in the OPRA request, but was rather seeking multiple pieces of discovery which through due diligence should have been obtained earlier, such as the depositions of Hammond and the Neptune Housing Authority.

The judge concluded she erred when she previously determined plaintiff had been diligent, and therefore found plaintiff had not demonstrated

A-1435-18T2

exceptional circumstances. On August 24, 2018, the trial judge heard argument on defendant's motion for summary judgment and granted the motion in a ruling from the bench. Plaintiff moved for leave to appeal, which we denied on October 15, 2018. Finally, on November 30, 2018, the trial judge entered a $120,000 default judgment against Hammond and Rivera, and this appeal followed.

On appeal, plaintiff argues the trial judge erred in denying his motion to extend the DED by incorrectly applying the "exceptional circumstances" standard as opposed to the "good cause" standard, and in the alternative, he has presented sufficient circumstances to meet the exceptional circumstances standard. Plaintiff also argues it was error to deny the motion without oral argument. We disagree.

"An appellate court applies an abuse of discretion standard to decisions made by [the] trial courts relating to matters of discovery." C.A. ex rel. Applegrad v. Bentolila, 219 N.J. 449, 459 (2014) (alteration in original) (internal quotation marks and citation omitted). "We generally defer to a trial court's disposition of discovery matters unless the court has abused its discretion or its determination is based on a mistaken understanding of the applicable law."

Rivers v. LSC P'ship, 378 N.J. Super. 68, 80 (App. Div. 2005) (citations omitted). We discern no abuse of the court's discretion.

Here, under Rule 4:24-1(c), plaintiff was required to show exceptional circumstances to extend the DED because the court already scheduled arbitration. See Rivers, 378 N.J. Super. at 78. "[E]xceptional circumstances generally denote something unusual or remarkable. The moving party must demonstrate counsel's diligence in pursuing discovery, establish the essential nature of the discovery sought, explain counsel's failure to request an extension within the original time period, and show that the circumstances presented were clearly beyond counsel's control." Bldg. Materials Corp. of Am. v. Allstate Ins. Co., 424 N.J. Super. 448, 479 (App. Div. 2012) (citations omitted).

"No extension of the discovery period may be permitted after an arbitration or trial date is fixed, unless exceptional circumstances are shown." R. 4:24-1(c); Bender v. Adelson, 187 N.J. 411, 426 (2006). In order to establish exceptional circumstances,

> the moving party must satisfy four inquiries: (1) why discovery has not been completed within time and counsel's diligence in pursuing discovery during that time; (2) the additional discovery or disclosure sought is essential; (3) an explanation for counsel's failure to request an extension of the time for discovery within the original time period; and (4) the circumstances

presented were clearly beyond the control of the attorney and litigant seeking the extension of time.

[Rivers, 378 N.J. Super. at 79 (citations omitted).]

Here, when plaintiff moved for the earlier extension, the judge found exceptional circumstances existed to extend the DED for one week because she determined plaintiff was diligent in pursuing discovery and needed the OPRA records. However, when plaintiff moved for an extension of over two months, his own certification to the court provided a sufficient record for the court to determine he was not diligent and could not establish exceptional circumstances.

We also reject plaintiff's assertion of error in the court's election to enter the July 6, 2018 order without conducting oral argument. Rule 1:6-2(d) provides:

> [e]xcept as otherwise provided by [Rule] 5:5-4 (family actions), no motion shall be listed for oral argument unless a party requests oral argument in the moving papers or in timely-filed answering or reply papers, or unless the court directs. A party requesting oral argument may, however, condition the request on the motion being contested. If the motion involves pretrial discovery or is directly addressed to the calendar, the request shall be considered only if accompanied by a statement of reasons and shall be deemed denied unless the court otherwise advises counsel prior to the return day. As to all other motions, the request shall be granted as of right.

In <u>Vellucci v. DiMella</u>, 338 N.J. Super. 345, 347 (App. Div. 2001), we said "[t]he trial court retains discretion as to whether oral argument is necessary or appropriate when 'the motion involves pretrial discovery or is directly addressed to the calendar . . . .'" (quoting <u>R.</u> 1:6-2(d)). We discern no abuse of discretion, particularly in light of the court's explanation in response to plaintiff's motion for reconsideration.

We also reject plaintiff's argument the court committed error in granting summary judgment. We derive relevant facts from the evidence submitted by the parties in support of, and in opposition to, the summary judgment motion, and view it in the light most favorable to plaintiffs, who opposed entry of summary judgment. <u>Ben Elazar v. Macrietta Cleaners, Inc.</u>, 230 N.J. 123, 135 (2017) (citations omitted).

Our review of a ruling on summary judgment is de novo, applying the same legal standard as the trial court. <u>Conley v. Guerrero</u>, 228 N.J. 339, 346 (2017) (citations omitted). Thus, we consider, as the trial judge did, "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." <u>Liberty Surplus Ins. Corp. v. Nowell Amoroso, P.A.</u>, 189 N.J. 436, 445-46 (2007) (quoting <u>Brill v. Guardian Life Ins. Co.</u>, 142 N.J. 520, 536 (1995)).

Summary judgment must be granted "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact challenged and that the moving party is entitled to a judgment or order as a matter of law." Templo Fuente De Vida Corp. v. Nat'l Union Fire Ins. Co. of Pittsburgh, 224 N.J. 189, 199 (2016) (quoting R. 4:46-2(c)).

"Under the common law, ordinarily a landlord is not responsible for injuries caused by its tenant's dog." Hyun Na Seo v. Yozgadlian, 320 N.J. Super. 68, 71 (App. Div. 1999) (citing Cogsville v. Trenton, 159 N.J. Super. 71, 74 (App. Div. 1978)). Previously, in Linebaugh v. Hyndman, 213 N.J. Super. 117, 120 (App. Div. 1986), we said there were circumstances where a landlord could be liable for injuries caused by a tenant's dog. The landlord in Linebaugh was aware one of the tenants owned a large dog that had previously bitten another person. Ibid. A child playing in the shared common area of the rented duplex was seriously injured when she was bitten by the dog. Ibid. There, we held that "[a]n abnormally [vicious] domestic animal is like an artificial [dangerous] condition on the property." Id. at 121 (quoting De Robertis v. Randazzo, 94 N.J. 144, 157 (1983) (citation omitted)). We stressed the landlord's liability was "well within traditional principles of negligence law," id. at 122, and a landlord

could be held liable where he permitted a tenant to harbor a vicious animal and failed to take curative measures, id. at 121.

In Hyun, on the other hand, we declined to impose liability on the landlord. There, a tenant was bitten by another tenant's dog and sued the landlord. 320 N.J. Super. at 70. We determined the landlord's liability was based on "ordinary principles of negligence," holding "in the absence of proof that the landlord was aware of the dog's vicious propensities, or perhaps that the dog was inherently vicious, liability should not be imposed upon the landlord." Id. at 72.

Here, the record did not establish the Baitys were aware Hammond and Rivera had a dog on the premises and that it had violent propensities. Although plaintiff presented the Carter affidavit as evidence the Baitys knew the tan pit bull was in the tenants' home, the judge declined to consider the affidavit because it was provided after the close of discovery and without a certification of due diligence, as required by Rule 4:24-1(c) and Rivers. The judge was within her discretion to do so. Further, even if we were to give plaintiff every favorable inference, evidence a dog is on the property does not demonstrate awareness of its dangerous propensities. Therefore, under the existing case law,

the landlord had no liability for injuries caused by Hammond and Rivera's dog.

Summary judgment was correctly entered.

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

A-1435-18T2