**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3776-20

QUYNTON CURRY,
a minor by ALISON RODRIGUEZ,
his Guardian ad Litem,

     Plaintiff-Appellant,

v.

NEW COMMUNITY CORPORATION,

     Defendant-Respondent,

and

CELESTE M. ATKINS,

     Defendant.

_____

Submitted September 20, 2022 – Decided September 29, 2022

Before Judges Sumners and Geiger.

On appeal from the Superior Court of New Jersey, Law Division, Civil Part, Hudson County, Docket No. L-2987-18.

Seigel Law LLC, attorneys for appellant (James P. Kimball, of counsel and on the briefs).

Carey & Grossi, attorneys for respondent (John J. Grossi, III, on the brief).

PER CURIAM

Plaintiff, eight-year-old Quynton Curry, and his mother and guardian ad litem, Alison Rodriguez, were visiting the home of family friend Ashantee Oliver, who resided at an apartment complex owned by defendant New Community Corporation (NCC), when he was bitten by a dog on his right ear, left leg, and left arm while playing in the backyard. The dog was owned by defendant Celeste Atkins, a NCC resident. According to the lease agreement signed by all NCC residents, no dogs are allowed in or on NCC's properties. Yet, Oliver owned a dog, as apparently did several other NCC residents based on signs in the windows of their homes stating, "Dog on premises." Although Atkins' dog nibbled on the ear of Oliver's daughter three years earlier, the incident was not reported to NCC.

Judge Vincent J. Militello granted summary judgment dismissal of plaintiff's claims against NCC based on reasons set forth in an oral decision.[1] After applying the summary judgment standard set forth in Rule 4:46-2 and Brill

---

[1] Atkins failed to file an answer to the complaint; default was entered, followed by default judgment in the amount of $750,000. Unfortunately for plaintiff, Atkins was uninsured and essentially judgment proof.

v. Guardian Life Ins. Co. of Am., 142 N.J. 520 (1995), the judge focused on three decisions of this court.

First, the judge, relying on Cogsville v. Trenton, 159 N.J. Super. 71, 74 (App. Div. 1978), stated that "under common law ordinarily a landlord is not responsible for injuries caused by a tenant's dog." In Cogsville, we held "ordinarily a landlord has no liability for a nuisance on leased premises unless it existed prior to the letting and was continued by the tenant, or unless the nuisance was the direct result of the use agreed to by the landlord." Ibid. The judge found neither of these factors applied to the case at bar. NCC also did not agree to allow dogs on the leased premises—in fact, its leases prohibited such. The judge reasoned that under Cogsville, a dog owner is strictly liable for damages caused by the dog in accordance with N.J.S.A. 4:19-16, but the dog owner's landlord is not liable when the dog bites someone.

The judge next cited Linebaugh vs. Hyndman, where we broadened our view of a landlord's liability for a tenant's pet. 213 N.J. Super. 117 (App. Div. 1986). There, we held "a landlord's responsibility to exercise reasonable care in the maintenance of common areas under his control encompasses a duty owed to his tenant's invitees to prevent injury from a vicious animal kept on such premises with his knowledge." Id. at 119-20.

A-3776-20

Finally, the judge relied upon Hyun Na Seo v. Yozgadlian, 320 N.J. Super. 68, 71 (App. Div. 1999), a situation like the case at bar, where we fine-tuned our reasoning for when a landlord might be held liable for a tenant's pet where the lease agreement prohibits pets. In Hyun, we rejected the trial court's finding that a lease provision prohibiting pets made the landlords an insurer for any damages caused by a pet in violation of the provision. Id. at 71. We stated:

> Plaintiff offered no proof that the dog that bit her was known to have vicious propensities, let alone that the landlord knew of the dog's prior vicious propensities. We find those cases to be persuasive and conclude that the trial judge erroneously elevated the landlords to the status of an insurer for any damages caused by [their tenant's] dog.
>
> [Id. at 73.]

Considering this case law, Judge Militello reasoned NCC was entitled to summary judgment because, despite NCC's no pet provision in its lease agreement, and "even assuming" it knew Atkins had a dog, "[p]laintiff offered no proof . . . the dog that bit him was known to have vicious propensities . . . , [and even if] . . . others knew of the dog's propensities, there's no evidence . . . [NCC] knew of the dog's vicious propensities."

We review a grant of summary judgment using the same standard that governs the motion judge's decision. RSI Bank v. Providence Mut. Fire Ins.

4

Co., 234 N.J. 459, 472 (2018) (citing Bhagat v. Bhagat, 217 N.J. 22, 38 (2014)). Summary judgment is appropriate when "the pleadings, depositions, interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issues as to any material fact challenged and that the moving party is entitled to a judgment or order as a matter of law." R. 4:46-2(c); Brill, 142 N.J. at 528-29. "When no issue of fact exists, and only a question of law remains, this [c]ourt affords no special deference to the legal determinations of the [motion judge]." RSI Bank, 234 N.J. at 472 (quoting Templo Fuente De Vida Corp. v. Nat'l Union Fire Ins. Co., 224 N.J. 189, 199 (2016)).

Considering our review of the record and the controlling case law, summary judgment was proper for the cogent reasons set forth by Judge Militello in his oral decision. There is no merit to plaintiffs' argument that summary judgment was inappropriate based upon Rodriguez's deposition testimony that there were "questions of fact presented as to NCC's knowledge of the existence of this dog (and other dogs) living at . . . [its] apartments, in violation of its lease agreement with its tenants, as well as to NCC's knowledge of the vicious propensities of Atkins'[s] dog." We conclude, as did the judge, plaintiff's assertions concerning NCC's lease provision prohibiting dogs, the

5

signage indicating the presence of dogs in NCC tenants' apartments, and an unreported prior incident involving Atkins's dog, fail to establish that a reasonable jury could determine NCC knew or should have known Atkins housed a dog with vicious propensities and thus making NCC liable for plaintiff's unfortunate injuries.

To the extent we have not specifically addressed any of plaintiff's arguments, we conclude they lack sufficient merit to warrant discussion in a written opinion.  R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION