Finley *v.* Glover.

5-1597                                    315 S. W. 2d 928

Opinion delivered July 1, 1958.

[Rehearing denied September 29, 1958.]

*J. B. Reed,* for appellant.

*Joe P. Melton* and *Chas. A. Walls, Jr.,* for appellee.

George Rose Smith, J. During the year 1956 the appellee Glover raised rice upon his own land and upon fifty-two acres rented from the appellant Finley. This action was brought by Glover to recover for damage inflicted upon the crop by the appellant's cattle, it being shown that the animals were negligently allowed to enter the fields and graze on the rice. There was a verdict for the plaintiff in the sum of $3,400.

Three points are relied upon for reversal. First, it is contended that the court erred in striking a cross-complaint that Finley had filed on the day before the trial. The case had been pending for several months and had been set for trial twenty-five days in advance. The cross-

complaint averred several new matters, not related to the plaintiff's cause of action, and would doubtless have resulted in a continuance. In these circumstances we find no abuse of the trial court's discretion. *Butler* v. *Butler,* 176 Ark. 126, 2 S. W. 2d 63.

Secondly, Finley complains of a reference to bad checks that was made by the plaintiff's attorney in his statement to the jury. Not only did the court at once admonish the jury not to consider counsel's statement until it was proved, but also Finley admitted on cross-examination that he had paid for feed with a bad check. There was no error.

Thirdly, the appellant makes a dual attack upon the instructions about the measure of damages. In substance the court fixed the measure of damages as the fair market value of the rice at the time of its damage. Finley objected generally and also specifically on the ground that the jury should have been told to consider the expense of planting, cultivating, and harvesting the crop. The cost of planting entered into the value of the growing crop and could not fairly have been deducted. Had the instruction referred to what the value of the crop would have been if it had matured without damage, then it would have been necessary for the jury to be instructed to deduct those production expenses that were eliminated by the partial destruction of the crop. *St. Louis S. W. Ry. Co.* v. *Morris,* 76 Ark. 542, 89 S. W. 846. But here the charge referred only to the fair value of the rice at the time of the damage, which is also a correct way of stating the measure of permissible recovery. *Miller* v. *Wheat,* 208 Ark. 636, 187 S. W. 176.

Alternatively, it is insisted that if the instructions were correct then there was no proof of the value of the crop at the time it was damaged. There was, however, evidence of what the value would have been at maturity, and we have held that such testimony supports the verdict even without direct proof of the gathering and marketing expenses. *Rogers* v. *Stillman,* 223 Ark. 779, 268 S. W. 2d 614. Since the jury awarded less than two

thirds of the estimated maturity value of the lost rice, it is evident that the production costs were taken into consideration.

Affirmed.