Laverne BOLSTAD and Nancy Bolstad *v.* Priscilla
PERGESON

90-361                                        806 S.W.2d 377

Supreme Court of Arkansas
Opinion delivered April 1, 1991

*Green & Cook,* by: *Don Lloyd Cook II,* for appellant.

*Priscilla Pergeson,* for appellee.

ROBERT L. BROWN, Justice. This case comes to us on appeal from a judgment in favor of appellee Priscilla Pergeson for damages done to her car by a dog owned by the appellants Laverne and Nancy Bolstad. The amount of the judgment was $312.

The facts are these. On the night of October 21, 1989, the appellee was en route in her car to the V.A. Medical Center in Fayetteville with two relatives when she stopped at a stop sign in front of the hospital. While stopped, she saw a dog running toward her car in hot pursuit, apparently, of a squirrel. The dog jumped from the curb and crashed into the appellee's side of the car, which resulted in a dent in the driver's door about three or four feet from the ground. After her car was struck, the appellee and her companion saw a black-and-white dog running away from the car and back toward the hospital.

The appellee went into the hospital and told a hospital security guard what had happened. The guard had already been alerted to the fact that a dog was loose on the premises. The appellee and the guard went out into the parking lot and found a car with a black-and-white Boston bull terrier sitting inside. All of the car windows were down.

The security guard and the appellee waited for the owners of the dog. The Bolstads, who are husband and wife, eventually appeared. Both of the Bolstads work at the V.A. Medical Center and were there on a personnel matter. When told what had happened, Mr. Bolstad was incredulous and examined the dog for injuries. He found none.

Mr. Bolstad admitted that he had brought the dog to the hospital on occasion, and that he would let him out of the car and "he'd chase a squirrel a couple of times." He further testified, "A lot of squirrels and a lot of dogs run through there [V.A. Medical Center premises] cause it's open on both ends, and I worked up there." According to the testimony of one of the passengers in the appellee's car, Wilma Dobbs, the dog leapt from the car, again, and started chasing a squirrel, while she and the appellee (and perhaps others — the record is unclear) were examining the damage to the appellee's car.

The appellee filed a claim for $500 for vandalism in the Prairie Grove Municipal Court on October 30, 1989. The municipal judge gave her a judgment in the amount of $312.23 on March 7, 1990, and the Bolstads appealed to circuit court. A bench trial was held on June 21, 1990, and the circuit judge entered judgment in favor of the appellee in the amount of $312.00. In rendering his decision from the bench, the circuit judge referred to the applicability of an old Washington County ordinance which, he said, "makes owners of dogs who cause damage that are running at large in effect strictly liable for the damages. . . ." According to the circuit judge this ordinance gave the appellee a cause of action. Earlier, the judge had made reference to a Fayetteville leash law which, according to the judge, requires that dogs at all times be kept within the owner's property or restrained.

We affirm the circuit judge's decision, but not on the legal theories espoused from the bench.

## City and County Ordinances

The appellee, who appeared pro se at trial, was prepared to introduce the Fayetteville ordinance containing the leash law into evidence, when the circuit judge announced that he would take judicial notice of the ordinance as the applicable law and that introduction of it was not necessary. The Bolstads' counsel did not object to the judge's position on introduction.

We have held that courts cannot take judicial notice of city ordinances. *See Asher* v. *City of Little Rock*, 248 Ark. 96, 449 S.W.2d 933 (1970); *see also* Ark. Code Ann. § 14-55-402(a) (Supp. 1987). The circuit judge was in error when he did so in this case. The net effect of the judge's action is that there is nothing in the record showing what the Fayetteville leash law specifically says.

The circuit judge further was in error when he referred to the applicability of a Washington County ordinance dealing with livestock "or any other animal" running at large and destroying crops. This ordinance is not in evidence, but, moreover, the application of a livestock ordinance to a domestic pet is tenuous at best.

The court finally erred in suggesting that strict liability was the legal theory for recovery in this case. Strict liability pertains only to situations where vicious animals, including vicious dogs, are involved. *See Prosser & Keaton on Torts*, § 76, pp. 538-543 (5th Ed. 1984). Here, that is not the case. Negligence, rather, is the appropriate legal theory.

Violation of the Fayetteville leash law would be some evidence of negligence. *See Bridgforth* v. *Vandiver*, 225 Ark. 702, 284 S.W.2d 623 (1955); *see also* AMI, Civil, §§ 601 and 903 (3d Ed. 1989). As already mentioned, we do not have that ordinance before us in the record. Nevertheless, we are mindful of the fact that the Bolstads' counsel did not object to the judge's taking judicial notice of that ordinance, and this court has previously held that failure to object to the manner in which an ordinance was presented to the court constituted waiver of a formal introduction. *Sharp* v. *Booneville*, 177 Ark. 294, 6 S.W.2d 295 (1928) (counsel handed the ordinance to the judge to read; it was never introduced into evidence). We further note that the

appellee recited the pertinent parts of the ordinance in her brief, and we will consider that as a supplemental appendix offered by her. The ordinance prohibits animals, including dogs, from running at large within the Fayetteville city limits and states that it will be unlawful for animal owners to permit this activity. The ordinance, by Mr. Bolstad's own admission, was violated in this case, and we consider that violation some evidence of negligence.

The Bolstads finally argue that the common law duty of reasonable care should apply to this case, and that they, in fact, exercised reasonable care. In addition, since the dog had never shown a propensity to damage vehicles, the accident to the appellee's car was entirely unforeseeable, according to the Bolstads. We agree to the extent that a penchant for crashing into cars had not previously been exhibited by the dog. But certainly the dog had run at large before, chased squirrels and the like, all of which was contrary to the city's public policy as set forth in the ordinance.

We have held as recently as this year that it is not necessary to foresee a particular injury, but only to foresee that the general act or omission is likely to cause injury. *See Catlett* v. *Stewart*, 304 Ark. 637, 804 S.W.2d 699 (1991). This state's AMI civil instruction says an owner "has a duty to use ordinary care to keep his animals from running at large when he knows or reasonably should know that such animals are likely to cause injury or damage to others." AMI, Civil, 1601 (3d Ed. 1989); *see also* Restatement (Second) of Torts § 518, Comment j (1977). It accurately sets forth the common law of negligence which applies to owners of animals running at large. Here we cannot say that a dog running at large and chasing squirrels, with all the disruption that entails, either in a parking lot or on a city street did not raise a reasonable likelihood of injury under common law.

It is clear to us in this case that the circuit judge reached the right result for the wrong reasons. Because he reached the right result, statement of the wrong rationale for the result does not prejudice the Bolstads but merely constitutes harmless error. *See McCoy Farms, Inc.* v. *J & M McKee*, 263 Ark. 20, 563 S.W.2d 409 (1978).

Affirmed.

HOLT, C.J., concurs.

GLAZE, J., dissents.