ARKANSAS DEPARTMENT OF HUMAN SERVICES, Child Support Enforcement Unit *v.* John Henry PORTER, Jr.

90-262                                             810 S.W.2d 949

Supreme Court of Arkansas
Opinion delivered July 1, 1991

*L. Suzanne Penn* and *Joe Childers*, for appellant.

*Baxter, Eisele, Duncan & Jensen*, by: *Karen Wallace Duncan*, for appellee.

TOM GLAZE, Justice. This case involves the appellee's arrearages in child support for his two children. Under the divorce decree filed on May 8, 1980, appellee was ordered to pay $40.00 per week in child support for his two minor children, a son, Stacy Porter, and a daughter, Joyce Porter. Because of the appellee's failure to pay the child support, the Arkansas Department of Human Services, appellant, filed a motion for citation and petition for relief on March 14, 1989. In his response, the appellee argued that since his son turned eighteen on February 23, 1988, the child support on that child should have abated on his birthday, thus reducing the amount of child support arrearage to $20.00 a week from that date.

Before the hearing, the parties stipulated that the appellee's arrearage would be $3,747.00 if no abatement or allowance was made for when the son turned eighteen, or the arrearage would be $1,787.00 if the court abated the son's child support effective on his eighteenth birthday. The chancellor chose the latter and awarded $1,787.00 to the appellant. The appellant appeals from this ruling arguing that the chancellor erred in retroactively reducing the appellee's child support arrearages. We agree and therefore on *de novo* appeal, we reverse and direct the chancellor to award $3,747.00 to the appellant.

■ Before addressing the merits of this appeal, we note that the appellant failed to abstract the parties' final divorce decree. However, the appellee provided the pertinent paragraph in his brief, and we will consider that as a supplemental appendix offered by the appellee. *See Bolstad* v. *Pergeson*, 305 Ark. 163, 806 S.W.2d 377 (1991). For the purposes of this appeal, the essential paragraph in the divorce decree provides the following:

> The Court further finds that two children were born to this marriage, to wit: Stacy Tyrone Porter, born 2/23/70 and Joyce Porter, born 2/4/73, who are presently in the care and custody of the plaintiff who is a fit and proper person for their care and custody. That the defendant is an able-bodied man capable of earning a livelihood and should pay

to plaintiff the sum of $40.00 per week as child support for said minor children. . . .

The appellant argues that the chancellor could not reduce the appellee's child support arrearages since he never filed a motion to modify the child support when his son turned eighteen. Clearly, the appellant is correct. In *Jerry* v. *Jerry*, 235 Ark. 589, 361 S.W.2d 92 (1962), this court held that the father could not, on his own volition, reduce his $200 child support payment when one of his children turned eighteen. In support of its holding, the court gave the following three reasons: 1) the court (and the court alone) had the right to change the amount of the award for the support of the children; 2) the court could have continued the original award for the child who had become eighteen; and 3) the award of $200 was for the maintenance for three children, and the appellant had no right to conclude that $66.67 or an equal 1/3 was for the child who had become eighteen. *See also Thompson* v. *Thompson*, 254 Ark. 881, 496 S.W.2d 425 (1973).

The *Jerry* decision and underlying rationale apply to the present case. Clearly there was no showing that the $40.00 per week child support in the parties' decree was to be split equally between the two children. In this same vein, the chancellor, only, had the right to change the amount of support, and in fact, did so during this proceeding below by setting child support for the remaining minor child, Joyce, in the amount of $32.50 per week. Although appellee complains that it is inequitable to require him to file a petition to terminate child support payments when a child attains majority, this court has pointed out that such a procedure or resulting litigation can be avoided by setting forth in the decree under what circumstances child support payments will terminate without the necessity of a court's intervention. *Id.*, 254 Ark. at 884, 496 S.W.2d at 427.

Further, statutory law supports this holding. In particular, Ark. Code Ann. § 9-12-314 (Repl. 1991), provides the following:

(b) Any decree, judgment, or order which contains a provision for the payment of money for the support and care of any child or children through the registry of the court shall be final judgment as to any installment or payment of money which has accrued until the time either party moves through proper motion filed with the court and

served on the other party to set aside, alter, or modify the decree, judgment or order.

(c) The court may not set aside, alter, or modify any decree, judgment, or order which has accrued unpaid support prior to the filing of the motion. . . .

In sum, since the appellee did not file a motion to modify child support when his son turned eighteen, the chancellor could not retroactively reduce the appellee's child support arrearages which had become final judgments. We reverse the chancellor's holding and award the appellant $3,747.00, the parties' agreed sum for the appellee's child support arrearages.