William E. BRYANT, Jr. *v.* Ted PUTNAM and Karen Putnam

95-103                                                    908 S.W.2d 338

Supreme Court of Arkansas
Opinion delivered October 30, 1995

286

*Joel Taylor*, for appellant.

*Mark S. Cambiano* and *Phil Stratton*, for appellees.

ANDREE LAYTON ROAF, Justice. Appellant William E. Bryant, Jr., seeks reversal of a summary judgment dismissing his action against Appellees Ted and Karen Putnam, for injuries he suffered when he was bitten by dogs owned by the Putnams' tenant. Appellees appeal the denial of A.R.C.P. Rule 11 sanctions. We affirm both the granting of the summary judgment and the denial of Rule 11 sanctions.

Appellees own a rental house in Conway, which they leased to Mona Jones. Appellant was attacked and injured by Ms. Jones' rottweiler and pit bull dogs, while he was walking on a street adjacent to the rental house. Appellant filed suit against the appellees and Ms. Jones. He alleged the appellees were liable for injuries resulting from an unprovoked attack by dangerous or vicious animals kept by their tenant, and because they failed to provide adequate fencing in violation of a Conway city ordinance which prohibits dogs from running at large.

Appellees filed a motion for summary judgment with supporting affidavits alleging (1) they owned the property, (2) they were aware the tenant owned dogs but denied knowledge of any dangerous propensities of the dogs, (3) they had no proprietary interest in the dogs, (4) the attack occurred in the street adjacent to but not upon their premises, and (5) there was no legal basis set out in the pleadings, statutes or case law which would impute to them any liability for the appellant's injuries. Appellant filed his response to appellees' motion and attached affidavits of several neighbors who stated that (1) they observed the attack, and (2) the tenant knew that it irritated her neighbors for her to permit her dogs to run at large. Appellant presented no proof that appellees either knew the breed of dogs the tenant owned or knew of the dogs' dangerous propensities.

Appellees also filed a motion for Rule 11 sanctions, asserting the appellant had no good faith basis for bringing suit against them. The court granted appellees' motion for summary judgment, but denied their motion for Rule 11 sanctions. The trial court, in granting the summary judgment, found that it was undisputed that the tenant maintained dogs on property leased to her by the appellees, that the appellant was injured by the dogs in the street area and not on the leased property, and that liability of this nature has not been extended to landowners in Arkansas.

Appellant filed a non-suit of the action against the tenant and appeals the granting of appellees' motion for summary judgment. Appellees cross-appeal from the trial court's denial of their motion for Rule 11 sanctions. We find no error in either of the trial court's rulings.

### Summary Judgment

Summary judgment is a remedy that should be granted only when it is clear that there is no genuine issue of material fact to be litigated. *Wyatt* v. *St. Paul Fire & Marine Ins. Co.*, 315 Ark. 547, 868 S.W.2d 505 (1994). Here, the affidavits presented by the appellees in support of their motion do not leave a material question of fact unanswered, *see Reynolds* v. *Shelter Mutual Ins. Co.*, 313 Ark. 145, 852 S.W.2d 799 (1993), nor do the appellant's affidavits present a genuine issue as to any material fact. *See Wyatt, supra.* In fact, none of the affidavits filed by either party put into dispute any of the facts alleged by the other.

However, the question of whether a duty is owed is always a question of law and never one of fact for the jury. *Bartley* v. *Sweetser*, 319 Ark. 117, 890 S.W.2d 250 (1994). *See also 65th Center, Inc.* v. *Copeland*, 308 Ark. 456, 825 S.W.2d 574 (1992). We have held there is a duty owed by owners of animals that cause injury to third parties, in a number of instances. We have held an owner of an animal to be liable for injuries inflicted by the animal if (1) the animal was of a vicious species or (2) the animal, though domesticated, had dangerous tendencies which were known to the owner. *Van Houten* v. *Pritchard*, 315 Ark. 688, 870 S.W.2d 377 (1994). We have also recognized some causes for ordinary negligence in allowing domesticated farm animals to run at large, and in allowing dogs to run at large in violation of a leash law. *Finley* v. *Glover*, 229 Ark. 368, 315

S.W.2d 928 (1958); *Bolstad* v. *Pergeson,* 305 Ark. 163, 806 S.W.2d 377 (1991). In *Bolstad, supra,* we held that violation of a leash law was some evidence of ordinary negligence. The Conway leash law relied upon by appellant in the instant case provides in pertinent part:

> Any person *owning, possessing or keeping a dog or dogs* whether vaccinated or unvaccinated, licensed or unlicensed, shall confine such dog or dogs *within an adequate fence or enclosure or within a house, garage or other building, or shall confine such dog or dogs by a chain or leash affixed to the dog's collar and attached to some substantial stationary object* adequate to prevent the dog from running at large. (emphasis added.)

Clearly, our cases and the Conway ordinance relied upon by appellant pertain to owners or keepers of animals, and not their landlords. Moreover, the ordinance does not mandate fencing as the only way to comply with the leash law.

■ The trial court was correct in finding that our laws impose no liability on a landlord to third parties injured by a tenant's animals; the trial court thus correctly determined that there was no duty owed as a matter of law in granting the summary judgment. *See Bartley, supra.*

## Rule 11 Sanctions

Appellees contend that the trial court erred in denying their motion for Rule 11 sanctions, because the appellant lacked a good faith basis to name them as defendants in his action. Arkansas Rule of Civil Procedure 11 provides in pertinent part:

> The signature of an attorney or party constitutes a certificate by him that he has read the pleading, motion or other paper; that to the best of his knowledge, information and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law *or a good faith argument for the extension, modification, or reversal of existing law,* and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or the needless increase in the cost of litigation . . . .

Both appellant and appellees agree that there is no Arkansas case

law concerning landlord liability to third parties under the circumstances presented. Appellees assert that because we declined to hold a landlord liable to a tenant for injuries sustained in a common area in *Bartley, supra,* by implication, it should be clear that we would be even less willing to extend landlord liability to a third person injured away from the premises by a tenant's animal. Appellees further contend that the cases from other jurisdictions relied upon by appellant do not support the appellant's position and do not constitute a good faith argument for the extension of tort liability to landlords in Arkansas under the facts presented, because in every case the landlords were held liable only where the incident occurred on their property, or where they had knowledge of the dangerous propensity of the animal. *See Siegel v. 1536-46 St. John's Place Corp.,* 184 Misc. 1053, 57 N.Y.S.2d 473 (1945); *Linebaugh by and through Linebaugh v. Hyndman,* 213 N.J.Super. 117, 516 A.2d 638 (1986); *Strunk v. Zoltanski,* 62 N.Y.2d 572, 468 N.E.2d 13, 479 N.Y.S.2d 175 (1984); *Virgil by and through Virgil v. Payne,* 725 P.2d 1155 (Colo.App. 1986).

■■ When a violation of Rule 11 occurs, the rule makes sanctions mandatory. *Miles v. Southern,* 297 Ark. 274, 760 S.W.2d 868 (1988). In reviewing a trial court's Rule 11 determination, we do so under an abuse of discretion standard. *Ward v. Dapper Dan Cleaners & Laundry, Inc.,* 309 Ark. 192, 828 S.W.2d 833 (1992). We have said that the imposition of sanctions is a serious matter to be handled with circumspection, and that the trial court's decision is due substantial deference. *Bratton v. Gunn,* 300 Ark. 140, 777 S.W.2d 219 (1989). Rule 11 does not require that the legal theory espoused in an action prevail. Rather, the essential issue here is whether appellant fulfilled his duty of reasonable inquiry into the relevant law, and the indicia of reasonable inquiry into the law include the plausibility of any legal theory espoused and the complexity of the issues raised. *See Crockett v. Wilson,* 321 Ark. 150, 901 S.W.2d 826 (1995). Even though we reject appellant's arguments for extension of tort liability to landlords in this instance, he has the right to advocate such a change in the law, and we cannot say the trial court abused its discretion in denying the appellees' motion for sanctions.

Affirmed on direct and cross-appeal.