**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
March 1, 2013

No. 12-40189

Lyle W. Cayce
Clerk

PPI TECHNOLOGY SERVICES, L.P.,

Plaintiff–Appellant

v.

LIBERTY MUTUAL INSURANCE CO.

Defendant–Appellee

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:11-CV-47

ON PETITION FOR PANEL REHEARING

Before WIENER, CLEMENT, and PRADO, Circuit Judges.

EDWARD C. PRADO, Circuit Judge:[*]

The petition for panel rehearing is GRANTED. We withdraw our prior opinion, and substitute the following. Defendant–Appellee, Liberty Mutual Insurance Co., ("Liberty Mutual"), insured Plaintiff–Appellant, PPI Technology Services, L.P., ("PPI"). PPI was retained by several third parties to assist in planning well-drilling operations. After a well was drilled in the wrong area,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 12-40189

PPI was sued by the third parties.  PPI then sought defense and indemnification from its insurance company, Liberty Mutual.  When Liberty Mutual refused, PPI brought suit claiming breach of contract, violation of the Texas Prompt Payment Statute, and breach of the duty of good faith and fair dealing.  On Cross Motions for Summary Judgment, the district court found for Liberty Mutual, holding that it did not have a duty to defend PPI against two underlying lawsuits.  PPI appeals the district court's judgment, arguing that the district court erred in refusing to consider some allegations in the underlying lawsuits as "factual allegations," and in its determination that, of the "factual allegations," none alleged "property damage" from an "occurrence" as required by PPI's insurance policy with Liberty Mutual.  We AFFIRM the district court's dismissal.

## I.  FACTUAL AND PROCEDURAL BACKGROUND

**A.     The Insurance Policy**

Liberty Mutual issued a commercial general liability policy to PPI (the "Policy").  The Policy provided that Liberty Mutual would defend and indemnify PPI for claims arising out of PPI's exploration and production business operations.  The Policy provides "Bodily Injury and Property Damage Liability" coverage (Coverage A) for "property damage" caused by an "occurrence."  The Policy defines "property damage" as follows:

> a. Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or
>
> b. Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.

The Policy also provides coverage for "property damage" within the "underground resources and equipment hazard" endorsement to the Policy.  The

Policy defines the term "underground resources and equipment hazard" to include:

> 'Property damage' to any of the following:
>
> a. Oil, gas, water or other mineral substances which have not been reduced to physical possession above the surface of the earth or above the surface of any body of water;
>
> b. Any well, hole, formation, strata or area in or through which exploration for or production of any substance is carried on;
> c. Any casing, pipe, bit, tool, pump or other drilling or well servicing machinery or equipment located beneath the surface of the earth in any such well or hole or beneath the surface of any body of water.

## B.     Underlying Lawsuits

Royal Production Company, Inc. ("Royal") is the lessor and operator of three leases located in Lake Boudreaux, Louisiana. Royal retained PPI as the representative of the working interest owners, including Blue Moon Exploration Company, L.L.C. ("Blue Moon"). PPI was allegedly to assist in well-planning and oversee the drilling of wells on the leases.

A well was dug on the wrong lease, plugged, and abandoned. Royal and the non-operator working interest owners filed suit against PPI and sought to compel arbitration. Both the Royal and the Blue Moon petitions were consolidated and referred to arbitration. We refer to the consolidated claims collectively as the "underlying lawsuits."

The relevant allegations are as follows: Royal contends that "PPI caused the drilling rig to be towed to [] and placed upon [] the wrong location." Subsequently, towing the rig to the wrong lease resulted in "the well being drilled in the wrong location" and a "dry hole." Drilling in the wrong location caused Royal and the nonoperating working interest owners to "expend[] in excess of $4,200,000.00 for the drilling of the Well in the wrong location." The Blue Moon Plaintiffs seek $737,752.40 in delay rentals to maintain the lease where the well was ultimately drilled. Additionally, Royal alleges that PPI

caused "property damage to Royal as an owner in the property where the well was being drilled" including "physical injury to tangible property, including all resulting loss of use of the property." Finally, Royal alleges that PPI's "acts and omissions constitut[e] negligence and negligence per se."

## C.     The Present Case

PPI tendered the underlying lawsuits to Liberty Mutual for defense and indemnification. Liberty Mutual denied that it owed PPI either. In a complaint filed in Texas state court, and timely removed to federal district court, PPI brought three claims against Liberty Mutual: (1) breach of insurance contract; (2) breach of section 541.060 of the Texas Insurance Code; and (3) breach of the duty of good faith and fair dealing.

PPI filed a Motion for Partial Summary Judgment seeking a judicial declaration that Liberty Mutual had a duty to defend PPI based upon the allegations in the underlying lawsuits. Liberty Mutual responded by filing a Motion for Summary Judgment, arguing it had no duty to defend or indemnify PPI because the underlying lawsuits did not contain factual allegations of "property damage" caused by an "occurrence" as required by the Policy, and that, in the alternative, policy exclusions precluded coverage.

The district court denied PPI's Motion for Partial Summary Judgment and granted Liberty Mutual's Motion for Summary Judgment, dismissing all of PPI's claims against Liberty Mutual. First, the district court declined to consider the allegations of "property damage," concluding that they were legal, rather than factual, allegations. The district court concluded that the "property damage" allegations were legal in nature because they "concern the definition and categorization of certain conduct and objects, rather than the '*facts* giving rise to the alleged actionable conduct.'" *PPI Tech. Servs., LP, v. Liberty Mut. Ins. Co.,* 2012 WL 130380, at *11 (S.D. Tex. 2012) (citing *Merchs. Fast,* 939 S.W.2d at 141 (quoting *Adamo,* 853 S.W.2d at 676)). "As mere legal assertions, these

No. 12-40189

statements do not qualify as 'allegations' for purpose of the eight-corners rule." *Id.* PPI timely appealed, invoking our jurisdiction pursuant to 28 U.S.C. § 1291.

## II. STANDARD OF REVIEW

This Court reviews a grant of summary judgment de novo. *Gore Design Completions, Ltd. v. Hartford Fire Ins. Co.*, 538 F.3d 365, 368 (5th Cir. 2008). Summary judgment is appropriate when the pleadings and the record show "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see Gore Design Completions, Ltd.*, 538 F.3d at 368 (quoting *Celotex v. Catrett*, 477 U.S. 317, 322 (1986)). Because federal jurisdiction is based on diversity of citizenship, the federal court looks to the substantive law of the forum state, here, Texas. *See Erie R.R. Co. v. Tompkins,* 304 U.S. 64, 78 (1938); *Tex. Indus., Inc. v. Factory Mut. Ins. Co.,* 486 F.3d 844, 846 (5th Cir. 2007).

## III. DISCUSSION

On appeal, PPI challenges the district court's determinations that the underlying lawsuits did not include factual allegations of "property damage" and that they did not allege an "occurrence" as required under the Policy. Because the underlying complaints did not include factual allegations of property damage, we affirm the district court's dismissal. Our holding is limited to the facts of the case presented.[1]

## A.    Breach of Contract

PPI argues, in its first count, that Liberty Mutual breached its contract by neglecting its duties to defend and indemnify PPI against the underlying lawsuits filed by Royal and Blue Moon. We conclude that Liberty Mutual has

---

[1] Our holding is not intended to alter Texas pleading standards.

not breached its contract because it has no duty to defend.[2]  The allegations in the underlying lawsuits are either for economic damages, and thus not covered, or are legal conclusions, rather than factual allegations as required.

### 1. Duty to Defend

a. Standards for Duty to Defend

Texas follows the eight-corners rule.  *Colony Ins. Co v. Peachtree Constr., Ltd.*, 647 F.3d 248, 253 (5th Cir. 2011) (citing *Pine Oak Builders, Inc. v. Great Am. Lloyds Ins. Co.*, 279 S.W.3d 650, 654 (Tex. 2009)).  The insurance company's duty to defend the insured party is determined solely on the facts alleged in the underlying lawsuit and the terms of the policy.  *Id.*  "Thus, the duty to defend arises only when the *facts* alleged in the [underlying lawsuit], if taken as true, would *potentially* state a cause of action falling within the terms of the policy."  *Northfield Ins. Co. v. Loving Home Care, Inc.*, 363 F.3d 523, 528 (5th Cir. 2004) (first emphasis added).

If there is a "doubt as to whether or not the allegations of a complaint against the insured state a cause of action within the coverage of a liability policy sufficient to compel the insurer to defend the action, such doubt will be resolved in the insured's favor."  *Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. v. Merchs. Fast Motor Lines, Inc.*, 939 S.W.2d 139, 141 (Tex. 1997) (citation omitted).  The insured bears the initial burden of showing that the claim against it is potentially within the policy's coverage.  *Sentry Ins. v. R.J. Weber Co.,* 2 F.3d 554, 556 (5th Cir. 1993).

The eight-corners rule requires courts to focus on the factual allegations contained in the underlying suits.  "If a petition does not allege facts within the

---

[2] We do not reach the issue of whether the underlying lawsuits allege "personal and advertising injury" under Coverage B of the Policy, as PPI asserted originally.  The district court held that the allegations did not allege "personal and advertising injury," and PPI states in its briefs that it "does not challenge th[is] holding at this time."

scope of coverage, an insurer is not legally required to defend a suit against its insured." *Merchs. Fast,* 939 S.W.2d at 141. More specifically, "the court must focus on the factual allegations that show the origin of the damages rather than on the legal theories alleged." *Id.* "It is not the cause of action alleged that determines coverage but the *facts* giving rise to the alleged actionable conduct." *Merchs. Fast*, 939 S.W.2d at 141 (quoting *Adamo v. State Farm Lloyd's Co.*, 853 S.W.2d 673, 676 (Tex. App.—Houston [14th Dist.] 1993, writ denied)); *see also Farmers Tex. Cnty. Mut. Ins. Co. v. Griffin*, 955 S.W.2d 81, 82 (Tex. 1997) ("A court must focus on the factual allegations rather than the legal theories asserted in reviewing the underlying petition.").

b. Property Damage

At issue is whether the underlying lawsuits against PPI raise factual allegations that come within the coverage of the Policy. The parties dispute whether the allegations in the underlying lawsuits include "property damage" as covered under the Policy. As noted above, the Policy defines "property damage" to be: "(a) physical injury to tangible property including the loss of use of that property . . . ; or (b) loss of use of tangible property that is not physically injured." The Policy does not define the key phrases "physical injury," "loss of use," or "tangible property."

Under these facts, we hold that the underlying complaints did not contain factual allegations of property damage. *See, e.g.*, *Mid-Continent Cas. Co., v. Camaley Energy Co.*, 364 F. Supp. 2d 600, 605–06 (deciding on other grounds but finding that the underlying lawsuit, despite its inclusion of the phrase property damage, "clearly did not allege physical injury to tangible property"). Just as the *Camaley* underlying complaints included the term property damage, but did not allege facts supporting actual damage to or loss of tangible property, here, the underlying complaints contain no factual allegations of actual damage to or loss of tangible property. The allegations in the underlying lawsuits are either

No. 12-40189

for economic damages, and thus not covered, or are legal conclusions, rather than factual allegations as required.  Thus, we do not reach the issue of whether any damage was caused by "an occurrence."  Nor do we reach the Policy Exclusions.

### c. Underground Resources and Equipment Hazard

By its terms, the "underground resources" coverage is a specific type of "property damage."  By not alleging any "property damage" generally, the underlying lawsuits fail to allege damage to "underground resources."

### 2. Duty to Indemnify

Both parties acknowledge that the  duty-to-indemnify issue has become moot since the time of the district court's decision.

### B.    Texas Insurance Code: Prompt Payment of Claims Act

To prevail under the Prompt Payment of Claims Act, the plaintiff must establish that there is a claim under the insurance policy for which the insurer is liable.  If the policy does not provide coverage for the claims in the underlying lawsuits, the insurer is not liable under the statute.  *See Progressive Cnty. Mut. Ins. Co. v. Boyd*, 177 S.W.3d 919, 922 (Tex. 2005).  Because we affirm the breach of contract claim's dismissal, we affirm the Texas Insurance Code claim's dismissal as well.

### C.    Breach of Duty of Good Faith and Fair Dealing

The district court dismissed PPI's action for breach of the duty of good faith and fair dealing. The Texas Supreme Court has stated that there "can be no claim for bad faith when an insurer has promptly denied a claim that is in fact not covered."  *Republic Ins. Co. v. Stoker*, 903 S.W.2d 338, 341 (Tex. 1995).  Therefore, because we affirm the district court's dismissal of the breach of contract claim, we also affirm its dismissal of the breach of duty of good faith and fair dealing claim.

8

No. 12-40189

## IV.  CONCLUSION

For the foregoing reasons, we affirm the district court's dismissal of PPI's breach of contract, breach of the Texas Insurance Code, and breach of the duty of good faith and fair dealing claims.  Thus, we deny PPI's motion to certify questions to the Texas Supreme Court.

AFFIRMED.