

# ARKANSAS COURT OF APPEALS
DIVISION I
**No.** CV-16-426

| | |
|---|---|
| | **Opinion Delivered:** February 1, 2017 |
| DAVID W. WADDELL<br>**APPELLANT** | APPEAL FROM THE SALINE COUNTY CIRCUIT COURT [NO. 63CV-13-93-3] |
| V. | |
| FERGUSON HOME BUILDERS, LLC, AND G. BART FERGUSON<br>**APPELLEES** | HONORABLE DAVID N. LASER, JUDGE<br><br>AFFIRMED |

## LARRY D. VAUGHT, Judge

David Waddell brought an action for rescission of a real-estate contract against Ferguson Home Builders, LLC, and Bart Ferguson (collectively, Ferguson) based on constructive fraud for failing to disclose that the house was built in a floodplain. Waddell appeals from the judgment of the Saline County Circuit Court ruling that he failed to meet his burden of proving that Ferguson had made a fraudulent misrepresentation. Waddell argues four points on appeal. We affirm.

### I.    *Facts and Procedural History*

In October 2005, Waddell purchased a home in the Timberlake subdivision of Haskell, Arkansas, that was constructed and sold by Ferguson. As part of the sale, Waddell was given a "Seller Disclosure Statement" ("Disclosure") in which Ferguson made

numerous representations about the property. The representations at issue in this case are numbers 8, 19, 33, and 47.[1]

On April 4, 2008, a heavy rain caused flooding, and Waddell and his family had to be evacuated. They refused to return to the house after the flood, and Waddell asked Ferguson to repurchase the house. Ferguson refused.

After originally filing suit in October 2008 and taking a nonsuit in February 2012, Waddell filed the present suit against Ferguson on February 1, 2013, seeking to rescind the purchase.[2] He contended that the Disclosure did not disclose that the property was in a floodplain area or designated wetlands when Ferguson knew that it was. Waddell further contended that, because the construction of the home was not completed until the day of closing, he was unable to inspect the home. He asserted that he was entitled to his purchase price, consequential damages such as closing costs, and property damage, together with interest, costs, and attorney's fees. Ferguson answered, denying the complaint's material allegations.

---

[1]The disclosures were dated April 2003. Number 8 asked whether there had been any flooding, drainage, grading problems, or had water ever stood on the property or under any improvements. Number 19 asked whether any of the property was in the floodplain or floodway. Number 33 asked whether Ferguson was aware of any facts, circumstances or events on or around the property which, if known to a potential buyer, could adversely affect in a material manner the value or desirability of the property. Number 47 asked whether there had been any past or present water intrusion. Ferguson answered "no" to each question. In addition, Number 28 asked has any part of the property been designated as wetlands. Ferguson also answered "no" to this statement.

[2]Suit was filed by Waddell and his wife, Tracey Waddell. Tracey Waddell is listed in the caption of all papers up to and including the judgment. However, she is not listed in the caption of Waddell's notice of appeal.

In 1985, Haskell adopted a flood-control ordinance that applies to subdivisions of fifty lots or five acres. The ordinance requires a builder to have hydraulic or hydrological studies prepared and to obtain floodplain permits before construction can start. Among the calculations required before development is the establishment of a "Base Flood Elevation" ("BFE") for the property.[3] The Federal Emergency Management Agency ("FEMA") has created maps, known as "Flood Insurance Rate Maps" ("FIRMs"), which delineate the boundaries within a community of flood-hazard areas. Sarah Fox, *This is Adaption: The Elimination of Subsidies Under the National Flood Insurance Program*, 39 Colum. J. Envtl. L. 205, 215 (2014). The FIRMs are divided into insurance-risk zones according to the likelihood of a flood occurring within a particular region. *Id.* The FIRM for Haskell was prepared in 1987 and does not contain BFEs. The Haskell FIRM shows two zones: Zone "C," an area of minimal flooding, and Zone "A," an area of special flood hazard.

Ferguson filed a motion in limine seeking to prevent the ordinance from being entered into evidence because, according to Ferguson, it did not apply to the construction of Waddell's subdivision. Ferguson also sought to preclude Waddell from using as evidence a study conducted by Thomas Black, an engineer hired by Haskell in 2010 to conduct a study to determine the BFEs and to have the 1987 FIRM redrawn with the established BFEs. The study was still ongoing at the time of trial. Ferguson argued that, because the

---

[3]A BFE is the computed elevation to which floodwater is anticipated to rise during a "base flood" (a flood having a one percent chance of being equaled or exceeded in any given year) and is the regulatory requirement for the elevation or flood proofing of structures. Beth Davidson, *How Quickly We Forget: The National Flood Insurance Program and Floodplain Development in Missouri*, 19 Wash. U. J.L. & Pol'y 365, 372 n.48 (2005).

BFEs determined by Black in 2010 were not available in either 1999 when the subdivision plat was approved or in 2005 when the sale to Waddell occurred, the study should not be allowed. Ferguson argued that the 1987 FIRM showed Waddell's Lot 56 to be in a minimal flood Zone "C" and that Ferguson relied on that map as the basis for his representations concerning floodplains.

The court denied Ferguson's motion to preclude use of the 1985 ordinance but granted the motion to preclude consideration of Black's study and any proposed revisions of the 1987 FIRM.

Following a bench trial, the court issued a letter opinion in which it found that, based on the information available to Ferguson at the time of the transaction, Ferguson committed no fraud in his representations and dismissed Waddell's suit with prejudice. The court also adopted Ferguson's proposed findings of fact and conclusions of law. After judgment had been entered, this appeal followed.

II.      *Arguments on Appeal*

On appeal, Waddell contends that the circuit court erred in (1) failing to allow expert testimony on the floodplain status prior to construction of Timberlake subdivision, (2) failing to follow Haskell's flood ordinance in determining whether Waddell's property should have been studied to determine the proper flood zone, (3) finding that Haskell had determined that the 1985 ordinance did not apply to Timberlake subdivision and did not require BFEs to be studied for the Trace Creek Drainage Basin, and (4) requiring Waddell to prove an incorrect element of his cause of action.

### III.    *Standard of Review*

In civil bench trials, the standard of review on appeal is whether the circuit court's findings were clearly erroneous or clearly against a preponderance of the evidence. *Tadlock v. Moncus*, 2013 Ark. App. 363, 428 S.W.3d 526. A finding is clearly erroneous when, although there is evidence to support it, the reviewing court, on the entire evidence, is left with a firm conviction that a mistake has been committed. *Id.*

This case also involves issues concerning the admissibility of evidence and whether the circuit court erred in granting Ferguson's motion in limine. Because the introduction of evidence is a matter within the sound discretion of the circuit court, we must determine whether or not it abused its discretion in excluding Black's study from evidence before we reverse its findings, and in the absence of abuse of that discretion, we will not reverse. *See Benson v. Shuler Drilling Co.*, 316 Ark. 101, 107, 871 S.W.2d 552, 555 (1994).

### IV.    *Discussion*

Waddell's first point is that the circuit court erred in excluding expert testimony on whether the property was located in a floodplain. He breaks the point down further into two subpoints: that the court erred in using the motion in limine to decide the case and in excluding Richard Penn's testimony concerning the Thomas Black study.

In the first subpoint, Waddell argues that the circuit court improperly granted the motion in limine and eliminated his entire claim based on Disclosure 19. *See Schichtl v. Slack*, 293 Ark. 281, 737 S.W.2d 628 (1987). Here, the motion in limine was directed at Black's study that began in 2010 and was still ongoing. In granting the motion, the circuit court ruled that it was limiting the information to that which was available at the time of the 2003

Disclosure. The court also found that the probative value of Black's study was outweighed by the likely confusion of the issues and that it unduly penalized Ferguson.

The circuit court properly decided whether Black's study could be used via the motion in limine. A motion for summary judgment and a motion in limine address two different questions. Summary judgment determines whether there are issues of material fact to be tried, *Neal v. Sparks Reg'l Med. Ctr.*, 2012 Ark. 328, 422 S.W.3d 116, while a motion in limine is to be used to prevent some specific matter, perhaps inflammatory, from being interjected prior to the circuit court's having decided on its admissibility outside the hearing of the jury. *Schichtl*, 293 Ark. at 285, 737 S.W.2d at 630. Waddell relies on *Schichtl* to argue that the circuit court erred because its ruling on the motion in limine excluded Waddell's claim based on Disclosure 19 stating that the property was not located in a floodplain.

Here, Black's study was prepared after Waddell had purchased his home and, more importantly, was still not complete at the time of trial. Moreover, the study had not been used to update or revise any FEMA maps. The truth or falsity of the representation is determined as of the time it was made and it was intended to be relied and acted upon. *See Clark v. Ridgeway*, 323 Ark. 378, 914 S.W.2d 745 (1996).

Nor did the court's ruling on the motion in limine disallow all testimony by Richard Penn, Waddell's expert. Instead, the court determined that the period for which evidence was relevant was that existing at the time of the disclosures in 2003. The fact that Black's study was the only evidentiary support for Waddell's Disclosure 19 claim should not mean that it cannot be excluded if there is a proper basis in the rules of evidence for its exclusion.

Here, the court found that the study was not relevant because it was prepared after the time Ferguson had made the disclosures at issue.

We address Waddell's second and third points together because they both concern whether the circuit court erred in failing to find that the Haskell's flood-prevention ordinance applied. For his second point, Waddell argues that the circuit court erred in failing to follow the ordinance that required determination of BFEs prior to the development of subdivisions. Waddell's third point is that the circuit court erred in finding that the city had determined that the ordinance did not apply to Waddell's subdivision and thus there was no requirement that BFEs be determined.

We first point out that Waddell's argument that Ferguson and the city failed to follow the city's flood-prevention ordinance is misguided because Waddell's ability to prove that Ferguson made a fraudulent misrepresentation does not depend on whether there was compliance with the ordinance. While the failure to comply with a statute or ordinance is prima facie evidence of negligence, *see, e.g.*, *Bolstad v. Pergeson*, 305 Ark. 163, 806 S.W.2d 377 (1991), Waddell did not bring this as a negligence case. Had he done so, the issue of compliance with the ordinance would be relevant. Instead, he brought it as a case for rescission based on misrepresentation.

We cannot say that the circuit court's findings are clearly erroneous. Richard Penn, Waddell's expert and a former floodplain administrator for the City of Bryant, testified that the 1987 flood insurance rate map did not show Waddell's home to be in Zone "A," an area of special flood hazard, but in Zone "C," an area of minimal flooding. He also testified that the survey prepared when Waddell purchased the home also showed that the property

was in Zone "C." He further stated that Haskell's ordinance applied only to Zone "A," areas of special flood hazards. He added that if there are no BFEs, there is no misrepresentation as to the property being within a floodplain. According to Penn, the floodplain administrator has the authority to establish BFE numbers or to determine if the property is not in Zone "A."

Jeff Arey, the county judge of Saline County, testified that he was the mayor of Haskell and ex officio floodplain administrator when Ferguson began to develop the subdivision in 1999. He testified that, prior to development of the subdivision, he and city manager Bobby Westbrook met with Bart Ferguson and personally inspected the subdivision property. Arey testified that it was reasonable for a builder or developer to rely on the 1987 FIRM and that Haskell relied on the 1987 FIRM. Arey testified that it was the responsibility of the floodplain administrator and the city planning commission to determine whether the 1985 ordinance applied. He confirmed that Haskell determined the 1985 ordinance did not apply to the Timberlake subdivision because no homes were designed or developed in a Zone "A" area. He said that he had used the surveyed plats and the 1987 FIRM, together with his personal inspection and knowledge of the property, to determine that no homes were being developed in Zone "A." As floodplain administrator, Arey said that he had never required a developer to determine BFE.

Finally, Waddell argues that the circuit court erred in finding that he failed to meet his burden of proof because the court misstated the elements of the cause of action he was required to prove. We disagree.

In order to prove fraud under Arkansas law, a plaintiff must prove five elements: (1) that the defendant made a false representation of material fact; (2) that the defendant knew that the representation was false or that there was insufficient evidence upon which to make the representation; (3) that the defendant intended to induce action or inaction by the plaintiff in reliance upon the representation; (4) that the plaintiff justifiably relied on the representation; and (5) that the plaintiff suffered damage as a result of the false representation. *Muccio v. Hunt*, 2016 Ark. 178, 490 S.W.3d 310.

At issue is the second element.[4] In its judgment, the circuit court concluded that Waddell "failed to prove by clear and convincing evidence that [Ferguson] knew or believed any of the representations in the seller's property disclosure were false." Waddell argues that the court misstated the element of his cause of action because, according to Waddell, Ferguson lacked sufficient information to assert that the property was not in the floodplain or floodway. However, this argument ignores the court's next conclusion that Waddell "failed to prove by clear and convincing evidence that [Ferguson] did not have a sufficient basis of information to make the representations in the seller's property disclosure." Ferguson points this out in his brief, but Waddell fails to address the sufficient-information conclusion in either his brief or in his reply brief. Because the circuit court in fact addressed the very issue Waddell complains of, we cannot say that the court required Waddell to meet an incorrect burden or that it was clearly wrong in its conclusions. Therefore, we must affirm the court's finding on this point.

---

[4]The circuit court also concluded that Waddell failed to prove that Ferguson had made false representations in the Disclosure. Waddell does not directly challenge this conclusion.



Affirmed.

VIRDEN and HIXSON, JJ., agree.

*William G. Almand, P.A.*, by: *William G. Almand*, for appellant.

*Anderson, Murphy & Hopkins, L.L.P.*, by: *Michael P. Vanderford*, for appellee.